450 P.2d 111

**PACIFIC EMPLOYERS INSURANCE COMPANY and J. G. Boswell Company, Petitioners,**

v.

**The INDUSTRIAL COMMISSION of Arizona and Lee Roy Houk, Respondents.**

**No. 1 CA–IC 223.**

Court of Appeals of Arizona.

Feb. 4, 1969.

Shimmel, Hill, Kleindienst & Bishop, by Merton E. Marks, Phoenix, for petitioners.

Robert D. Steckner, Chief Counsel, by Courtney L. Varner, Phoenix, for respondent Industrial Commission.

Morgan & Jerome, by Donald J. Morgan, Phoenix, for respondent Houk.

CAMERON, Judge.

This is a writ of certiorari sought by the petitioners, Pacific Employers Insurance Company and their assured J. G. Boswell Company, the employer, to review the lawfulness of an award of the Industrial Commission of Arizona.

Respondent Lee Roy Houk, the injured workman, in response to the petition for writ of certiorari filed a pleading titled "Response To Petition for Writ of Certiorari and Cross-Appeal" in which he asked that the decision of the respondent Industrial Commission also be set aside.

We are called upon to determine:

1. Whether the respondent to a petition for writ of certiorari may ask for and obtain affirmative relief in the same action.

2. Whether the evidence in the instant case supports the decision of the respondent Industrial Commission.

Lee Roy Houk was injured on 12 November 1962 while working for the J. G. Boswell Company. He fell 20 to 22 feet striking a cement floor receiving injuries to both upper extremities, right ankle, and forehead. Over a period of approximately 4 years, extensive medical care was received by Houk and on 22 November 1966 he received an award for permanent partial disability finding that he had sustained a 50.45% reduction in earning capacity. The award also reaffirmed a previous finding of $403.70 as his average monthly wage.

On 5 December 1967 the respondent Houk filed a petition and application for readjustment or reopening of claim. On 13 March 1968 the carrier Pacific Employers Insurance Company filed a petition for termination or reduction of compensation. These two petitions were considered at a hearing held 16 and 17 May 1968.

At the hearing both sides presented evidence including 6 reels of motion pictures taken by an investigator for the carrier. The Industrial Commission denied relief on both petitions and reaffirmed the previous award.

The petitioner, Pacific Employers Insurance Company, obtained a writ of certiorari from this Court within 30 days of the final award. The workman-respondent Houk also within the 30 day period from the time of the award filed a response to the petition of Pacific Employers Insurance Company in which he asked:

"WHEREFORE, respondent and cross appellant LEE ROY HOUK prays this Court, under its writ heretofore issued, for review of the Commission's decision denying the relief sought by applicant's Petition for Readjustment of December 5, 1967 and, on such review, the appeal and prayer of petitioner PACIFIC EMPLOYERS INSURANCE COMPANY and J. D. BOSWELL COMPANY be denied."

## MAY THE RESPONDENT COUNTERCLAIM IN RESPONSE TO A WRIT OF CERTIORARI?

Petitioners in their brief contend that the respondent Houk may not in his response to the petition for writ of certiorari ask for affirmative relief. It is the contention of the petitioners that a respondent to a writ of certiorari may not seek a cross-appeal where the respondent has failed to petition for and receive a writ of certiorari on his own. Under the contention of the petitioners, respondent would have to file his own application for writ of certiorari and that would be heard separately or consolidated as the case may be. It should be noted in this case that both the petition for writ of certiorari and the response thereto filed by the respondent Houk were filed in this Court within the 30 day period after the final decision of an award of the Industrial Commission.

■ The review of awards of the Industrial Commission of Arizona is governed by A.R.S. § 23–951 and Supreme Court Rule 2, 17 A.R.S. Review is not by appeal but by writ of certiorari and while the general rules concerning writs of certiorari will apply we must keep in mind the special provisions of our statute and the Rules of the Supreme Court concerning Industrial Commission awards.

■ The general rule is that a respondent may not ask for nor obtain affirmative relief in response to a writ of certiorari, but must seek and obtain his own writ and seek his own review of the matter by way of a separate petition. Goetz v. Knoxville Power & Light Co., 154 Tenn. 545, 290 S.W. 409 (1926). It has been stated:

"Where a writ of certiorari or review is granted at the instance of one of the parties to a suit, to consider a complaint

of a judgment of the Court of Appeal, under the provisions of section 11 of article 7 of the Constitution, and of Act No. 191 of 1898, carrying out the provisions of article 101 of the Constitution of 1898, an opposing party to the suit, who has not applied for a writ of review, cannot have the judgment amended for his benefit. In such cases, the judgment of this court will be confined to the complaint or complaints of the party or parties at whose instance the writ of review was granted." D. H. Holmes Co. v. Morris, 188 La. 431, 177 So. 417, 114 A.L.R. 905, 906 (1937).

We do not agree, however, that these restrictive views should apply to a writ of certiorari in the Industrial Commission field where we are required to view the act and its application as remedial in nature and designed to carry out the humanitarian ends set forth in the statute. Camis v. Industrial Commission, 4 Ariz.App. 312, 420 P.2d 35 (1966), Parsons v. Industrial Commission, 98 Ariz. 74, 402 P.2d 20 (1965). We hold that under the facts in this case a respondent to a petition for writ of certiorari under the provisions of A.R.S. § 23–951 (Industrial Commission) may ask for affirmative relief. Nothing we say herein applies to situations wherein a response is filed after the 30 day period for applying for the writ as indicated in § 23–951, subsec. A, or to writs of certiorari other than under § 23–951.

## DOES THE EVIDENCE JUSTIFY THE AWARD?

We have reviewed the file, we have read the transcript, and we have viewed the motion pictures taken of the respondent in Coolidge and we believe that the evidence reasonably supports the finding of the Industrial Commission of Arizona in this matter.

Award affirmed.

DONOFRIO, C. J., and STEVENS, J., concur.