533 P.2d 1194

Ray L. GORDON, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Stearns-Roger Corporation, Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. 1 CA–IC 1038.

Court of Appeals of Arizona,
Division 1,
Department C.
April 15, 1975.

Rabinovitz & Minker, P. C., by Bernard I. Rabinovitz, Tucson, for petitioner.

Edward F. Cummerford, Chief Counsel, The Industrial Commission, Phoenix, for respondent.

Robert K. Park, Chief Counsel, State Compensation Fund by George B. Morse, Tucson, for respondent carrier.

## OPINION

WREN, Judge.

This appeal challenges the propriety of certain rulings of the hearing officer at an Industrial Commission hearing.

Petitioner, Ray Gordon, suffered an industrial injury which rendered him permanently partially disabled. At a hearing to determine the amount of his lost earning capacity, petitioner presented testimony of various witnesses and also testified in his own behalf. Counsel for respondent insurance carrier and respondent employer called Barbara Minker, a psychometrist

(person trained in vocational rehabilitation) who was present at the hearing pursuant to a written subpoena issued at the request of petitioner. Petitioner objected to respondents calling petitioner's witness, stating that they had not complied with the rules of the Industrial Commission which require requests for subpoenas to be filed ten days prior to hearing.[1] He further argued that a confidential relationship existed between the psychometrist and petitioner, rendering her proposed testimony "privileged". The hearing officer overruled the objection, stating that in an Industrial Commission hearing, such a privilege did not exist.

We note, parenthetically, that the hearing officer's ruling was correct. Clearly no privilege existed for the psychometrist was a lay person whose relationship was not one of those recognized by the courts or by statute as involving a confidential relationship.

The other ground urged by petitioner to the hearing officer was also properly overruled. The purpose of a subpoena is to obtain the presence of a witness at the hearing. Once that witness is present, barring any sort of privilege, generally, either party may call him to testify. *Cf.* Garcia v. Industrial Commission, 20 Ariz. App. 243, 511 P.2d 687 (1973).

It is after permitting respondents to call the psychometrist that the hearing officer committed error which must now be scrutinized to determine whether there was a denial of fundamental rights precluding a fair and impartial hearing. *See* Martin v. Industrial Commission, 88 Ariz. 14, 352 P. 2d 352 (1960); Ratley v. Industrial Commission, 74 Ariz. 347, 248 P.2d 997 (1952).

The record reflects the following colloquy:

"[HEARING OFFICER]: If you want to refuse to answer you may refuse to answer, and that's all the questions—

"A. I mean I don't—I don't know. You know, I don't know what my re-

sponsibility is at this point, I really didn't clarify that because I didn't you know, expect this to happen.

"[HEARING OFFICER]: Miss Minker, or Mrs. Minker, if you don't want to answer any questions, why, tell him so.

"A. Well, I think that I probably shouldn't because I don't—I don't know what the situation is.

"[HEARING OFFICER]: Then do you decline to answer any of the questions?

"A. Yes.

"[HEARING OFFICER]: I'll excuse you."

The witness obviously was unclear as to whether she was required to testify, and it was the hearing officer who in essence, told her that the choice was hers. Though the precise ground for the hearing officer's ruling was not revealed at that time, later statements by him made it apparent that he viewed the psychometrist as claiming a privilege on behalf of the State Department of Vocational Rehabilitation. This was improper in several respects. A mere statement by a witness that he believes the information he possesses may be privileged does not give rise to a valid claim of privilege, nor does it excuse the witness from testifying. The question of privilege is a legal one for the court, or in this case, the hearing officer, to decide. Udall, Arizona Law of Evidence § 91 (1960). Here the hearing officer allowed the witness to make that determination for herself.

In addition, privileges as to confidential communication belong to the client, patient or person making the communication, and if the person having the privilege takes the stand and testifies as to the privileged information, he waives the privilege and may be called to testify by the other party as to the privileged matter. *Id.* § 91. It is clear that the court [or hearing officer] can compel a professional person to answer in the absence of a claim of privilege, or where it has been waived

1. Rule 41, Rules of the Industrial Commission.

by the person making the communication. *Id.*

■ Alternatively, if the hearing officer was reversing the previous ruling that no privilege existed, he was again in error. Parties to an Industrial Commission hearing are entitled to present witnesses in their own behalf. Pauley v. Industrial Commission, 10 Ariz.App. 315, 458 P.2d 519 (1960). This is a fundamental right of a party in any industrial proceeding. *See* Martin, *supra*. Furthermore, government agencies do not ordinarily have a privilege to refuse to produce evidence unless a statute has specifically created an exemption. Udall, *supra*, § 102. There was no applicable privilege here and the witness should have been directed to testify.

The problematical situation was further compounded when petitioner, at the conclusion of respondents' case-in-chief which had consisted solely of the testimony of an employment specialist, Ronald Baker, attempted to call the psychometrist for the purpose of rebuttal. Counsel for respondents objected stating:

> "My position is that her waiver of privilege—her exercise of the privilege was for the dual purpose, both for the client and for the Department of Vocational Rehabilitation for whom she was working, and since the privilege was sustained, and she was excused, she has been excused for all purposes."

The hearing officer responded:

> "That would be my ruling if you want to put her on, Mr. Rabinovitz, so if there's no further testimony other than her, why . . . ."

Counsel for petitioner argued against the ruling, stating that any privilege belonged to the petitioner himself; and further, the fact that the psychometrist had been confused as to whether she was required to testify for respondent, could not serve to deprive petitioner of his right to call her. Other than the general statement that he wished to use her for rebuttal, petitioner made no offer of proof as to what her testimony would be.

■ Normally failure to show relevancy and materiality of the excluded evidence in the record by an offer of proof is fatal to an appeal premised thereon. Udall, *supra*, § 13. The obvious reason is that the excluded evidence may not have affected the outcome of the case. We note that the Rules of Procedure for Workmen's Compensation Hearings contain no provision as to an offer of proof in Industrial Commission hearings. Past records reviewed by this Court reflect that offers of proof as to prohibited evidence are often rejected by the hearing officer. The value to appellate review of having the proffered evidence reflected in the record is readily apparent, and we would encourage the use thereof by hearing officers.

■ Here however, petitioner could make no meaningful offer of proof because of the claim of privilege on the part of the witness herself. Moreover, Industrial Commission hearings are fundamentally different from the usual adversary proceedings. Their purpose, while in a sense of course, being adversary, really remains the humanitarian and compassionate one of aiding and compensating the injured worker. *See* Pacific Employers Ins. Co. v. Industrial Commission, 9 Ariz.App. 145, 450 P.2d 111 (1969). It was in keeping with such motives that the legislature enacted A.R.S. § 23–941(F), allowing for liberalization of the common law and statutory rules of evidence so that the greatest amount of competent evidence would be available to the Commission for its deliberation upon an award. Because of this aim, and the method the legislature has created of achieving it, reversible error is more likely to occur by the exclusion of admissible evidence than the inclusion of incompetent evidence. *See* 3 A. Larson, Law of Workmen's Compensation § 79.10 (1972). The Commission cannot be presumed to have reached the right result if it erroneously excluded on technical grounds some important piece of evidence which

might have swayed the result. *See* Larson, *supra*, § 79.10.

█ We hold that under the facts of this case, the ruling of the hearing officer excusing the psychometrist from testifying denied petitioner a fundamental right to present testimony in his own behalf. In view of the decision of this Court to reverse the Findings and Award of the Industrial Commission based upon the first issue presented for review, we find it unnecessary to consider the second issue raised; that is, whether the hearing officer erroneously failed to consider petitioner's nervous condition in determining the amount of loss of earning capacity.

The award is set aside.

NELSON, P. J., and STEVENS, J., concur.