539 P.2d 964

Mary GRECO and Joseph Greco, wife and husband, Appellants,

v.

Georgia Ann MANOLAKOS, a single person, Appellee.

No. 2 CA–CIV 1861.

Court of Appeals of Arizona, Division 2.

Sept. 16, 1975.

As Corrected Sept. 23, 1975.

Rehearing Denied Oct. 22, 1975.

Review Denied Nov. 18, 1975.

Soble & Cole, P. C. by Bill E. O'Hearn, Tucson, for appellants.

Murphy, Vinson & Hazlett by John U. Vinson and Thomas M. Murphy, Tucson, for appellee.

## OPINION

HOWARD, Chief Judge.

The sole question presented is whether it was an abuse of the trial court's discretion to exclude all testimony concerning the amount of future medical expenses of appellant, Mary Greco, and to instruct the jury not to consider future medical expenses in its verdict. At the time of answering appellee's interrogatories, appellant stated that she would claim future medical expenses, but that she was then unable to accurately determine the amount of them. She failed to amend her answer prior to trial. Appellee contends that this failure to amend justifies the trial court's sanction. We do not agree.

The case centers on an automobile accident in July 1971, in which Mary Greco suffered injuries. At trial, appellants' medical expert offered an opinion as to the nature, duration and frequency of medical attention that she would require. How-

ever, because of the failure to update the interrogatory, the trial court sustained appellee's objection to the appellants presenting any evidence as to the cost of future treatment. During appellants' closing argument, the trial court sustained an objection by appellee to appellants making an argument as to reasonable inferences concerning the amount of future damages. Appellee offered no medical testimony on the issue of damages, but rather rested its case after reading into the record the deposition of appellee. Mary Greco was awarded $500 by the jury for her cause of action, an amount less than the presently accrued medical expenses claimed by her. A verdict had already been directed for appellants on the issue of liability.

There is no doubt that damages recoverable in personal injury actions include prospective medical expenses. *Allen v. Devereaux,* 5 Ariz.App. 323, 426 P.2d 659 (1967). Because of this, and because the admissibility and relevancy of the proffered testimony is obvious, the fact that appellants' counsel made no offer of proof at the time the objection was sustained is of no importance in this case. *State v. Kaiser,* 109 Ariz. 244, 508 P.2d 74 (1973); *Watson v. Southern Pacific Co.,* 62 Ariz. 29, 152 P.2d 665 (1944). We are of the opinion that discussions between the court and counsel, without a jury or reporter present, do much to make murky our review of the case. Fortunately, the relevancy of this excluded evidence is obvious from the rest of the record.

In the instant case, the interrogatories in question, with their answers, stated:

"592. (a) Do you claim you will sustain any monetary loss as a result of the permanent injuries described in the preceding interrogatory? *Yes.* If so, state:

(b) The reason why the loss will be incurred.

Future medical expense.

(c) The amount.

Indeterminable at this time."

Rule 26(e), Arizona Rules of Civil Procedure, 16 A.R.S., makes clear the duty to update interrogatories. That rule states in pertinent part:

"26(e) Supplementation of responses. A party who has responded to a request for discovery with a response that was complete when made is under no duty to supplement his response to include information thereafter acquired, except as follows:

\*    \*    \*    \*    \*    \*

(2) A party is under a duty seasonably to amend a prior response if he obtains information upon the basis of which (A) he knows that the response was incorrect when made, or (B) he knows that the response though correct when made is no longer true and the circumstances are such that a failure to amend the response is in substance a knowing concealment."

The sanctions available for a frustration of the rules of discovery are embodied in Rule 37. The sanctions include, under Rule 37(b)(2)(B):

"An·order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence;"

Even though there is no doubt that appellants had the duty to update their answers to interrogatories, we are left wondering what was the prejudice suffered by appellee by the failure to update. The answers to the interrogatories which were received by appellee clearly show that a claim was to be made for future medical expenses. Certainly appellee cannot claim she was surprised at trial when the attempt was made to elicit testimony regarding the amount of those expenses.

A determination of whether a sanction is within the reasonable exercise of the trial court's discretion, depends upon the prejudice to the other side, and the wilfullness of the omission. *Larson v. Macias,* 13 Ariz.App. 562, 479 P.2d 439

**492**

(1971). Taking both these factors into consideration in the present controversy, we do not believe that the complete foreclosure of appellants' claim regarding future medical expenses was warranted. Even with the notice afforded by the answers to the interrogatories, appellee put forth no testimony regarding medical damages, but rather relied on the deposition of the appellee. Neither did appellee avail herself of those discovery procedures available to her, such as deposing the physician involved or requiring appellant Mary Greco to submit to a physical examination under Rule 35, which would certainly have eliminated any possible prejudice to appellee. We see no prejudice to the appellee by the failure to update the interrogatory in question.

The verdict was certainly affected by the failure of the jury to hear testimony regarding future medical expenses. As such we feel a reversal of this judgment is warranted and a new trial in order.

Reversed and remanded for new trial on the issue of damages only.

KRUCKER and HATHAWAY, JJ., concur.