560 P.2d 430

Jeanette Ann FLEITZ and John William Fleitz, her husband, Appellants,

v.

David Charles VAN WESTRIENEN and Ruth Ann Van Westrienen, husband and wife, William Edwards and Ginnie Edwards, husband and wife, Appellees.

No. 1 CA–CIV 3048.

Court of Appeals of Arizona, Division 1, Department A.

Jan. 6, 1977.

Rehearing Denied Jan. 27, 1977.

Review Denied Feb. 16, 1977.

Van Baalen Law Offices by Peter T. Van Baalen, Phoenix, for appellants.

Hofmann, Salcito & Hover by Gene C. Stevens, Phoenix, for appellees Van Westrienen.

Harrison, Myers & Singer, P. C. by Mark I. Harrison, Phoenix, for appellees Edwards.

## OPINION

NELSON, Judge.

Appellants, Jeanette and John Fleitz, brought suit against the appellees, David and Ruth Van Westrienen and William and Ginnie Edwards, to recover for personal injuries Mrs. Fleitz received in an automobile accident on March 26, 1971. Prior to trial appellants' action against the Edwards was dismissed on Edwards' motion for summary judgment. Appellants' motion for summary judgment against the Van Westrienens was denied and the case was tried before a jury which returned a verdict for appellants in the amount of $4,000.

Appellants have presented questions with respect to the trial court's rulings on several motions for summary judgment, evidentiary matters, its refusal to grant an additur or a new trial, assessment of costs and jury fees against appellants and several other rulings. For the reasons stated below we find no error and affirm the judgment.

The circumstances surrounding the accident are uncomplicated. On March 26, 1971, Mrs. Fleitz, a schoolteacher, was riding as a passenger in a vehicle driven by Mr. Edwards. They were traveling north on 7th street in Phoenix when Mr. Edwards

stopped the car to permit a pedestrian in a crosswalk to cross the street. After stopping, Edwards' car was rear-ended by a vehicle driven by Mr. Van Westrienen and in the collision Mrs. Fleitz allegedly sustained injuries to her neck and thumb.

Appellants first question the entry of summary judgment in favor of the Edwards, contending a genuine issue as to a material fact existed regarding Mr. Edwards' negligence. At the time of the motion the trial court had before it the answers to interrogatories in which Mr. Van Westrienen claimed Edwards had come to a sudden and premature stop, materially contributing to the cause of the accident. More significantly, however, the court had Mrs. Fleitz' responses to requests for admissions, see Rule 36, Rules of Civil Procedure, 16 A.R.S., propounded by the Edwards, in which she admitted she believed Edwards had acted "reasonably and prudently" in the manner of his stop and that in her opinion Edwards' stop was "normal" as opposed to "sudden."

Appellants argue that Van Westrienens' allegations regarding Edwards' stop presented a genuine issue of material fact as to the propriety of his stop, foreclosing summary judgment. The Edwards, however, contend appellants were precluded by Mrs. Fleitz' admissions from further alleging Edwards' negligence. We agree with the latter position.

Prior to their amendment in 1970, some question existed as to whether admissions pursuant to Rule 36 and the analogous federal Rule 36, Fed.R.Civ.P., were binding on the party making them. See 8 Wright and Miller, *Federal Practice and Procedure* § 2264 (1970); *Developments in the Law— Discovery,* 74 Harv.L.Rev. 940, 968 (1961). The rules as amended, however, now specifically provide that "[a]ny matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment . . . ." Rule 36(b), Rules of Civil Procedure, 16 A.R.S.; Fed.R.Civ.P. 36(b). Comments regarding the amendments support the proposition that Rule 36 admissions now fall within the category of judicial admissions which preclude attempts to dispute the admitted fact or to submit evidence to disprove them. *See* McCormick, *Law of Evidence* 630, n. 11 (2d ed. 1972); 4A *Moore's Federal Practice* ¶ 36.08 (1974); 8 Wright and Miller, *Federal Practice and Procedure* § 2264 (1970); *Advisory Committee Note to the 1970 Amendments of Rule 36(b),* 48 F.R.D. 530–534 (1970); *State Bar Committee Note, 1970 Amendment to Rule 36(b),* 16 A.R.S. at 274. *See Generally* 9 Wigmore, *Evidence* § 2590 (3d ed. 1940); Finman, *Request for Admissions in Federal Civil Procedure,* 71 Yale L.J. 371, 418–426 (1962). *Compare Armer v. Armer,* 105 Ariz. 284, 463 P.2d 818 (1970); *Adams v. Bear,* 87 Ariz. 288, 350 P.2d 751 (1960). Were this not so:

> "[t]he party securing an admission [could not] depend on its binding effect, he [could not] safely avoid the expense of preparing to prove the very matters on which he has secured the admission, and the purpose of the rule [would be] defeated." State Bar Committee Note, 1970 Amendment to Rule 36(b), *supra.*

■ Appellants made no attempt to seek withdrawal or amendment of the admissions as they could have done under the rule. While we do not state that a trial court under all circumstances must grant a summary judgment on the basis of a party's admissions, see *Moosman v. Joseph P. Blitz, Inc.,* 358 F.2d 686 (2d Cir. 1966), we hold that where, as here, admissions are clearly dispositive of the issues, summary judgment is proper.

■ Appellants next urge error in regard to the trial court's failure to grant their motions for summary judgment against the Van Westrienens on the issue of liability. This Court has repeatedly stated that denial of a summary judgment is neither appealable nor subject to review on appeal from a final judgment in the same matter. *O'Day v. George Arakelian Farms, Inc.,* 24 Ariz. App. 578, 540 P.2d 197 (1975); *Lancaster v. Chemi-Cote Perlite Corporation,* 20 Ariz. App. 229, 511 P.2d 673 (1973); *Safeway Stores, Inc. v. Maricopa County Superior Court,* 19 Ariz.App. 210, 505 P.2d 1383

(1973); *Navajo Freight Lines, Inc. v. Liberty Mutual Insurance Co.,* 12 Ariz.App. 424, 471 P.2d 309 (1970). *See also* Annot., 15 A.L.R.3d 899 (1967). A narrow exception to this Rule exists if

> "[d]enial was made strictly on a point of law, and that because of such ruling the losing party thereafter was precluded from offering evidence or urging the point at the time of trial on the merits . . ." *Navajo Freight Lines, Inc. v. Liberty Mutual Insurance Co., supra* at 428, 471 P.2d at 313.

One point raised in appellants' second motion is subject to review under this exception. In essence, the question is whether the court's finding of no genuine issue of material fact with respect to Edwards' negligence was res judicata as to the Van Westrienens, precluding them from injecting the issue of Edwards' negligence at trial.

■ Generally, a codefendant in a negligence case who holds an adversary position under the pleadings with another codefendant, as here,[1] will be barred from arguing that the fault was that of the defendant dismissed from the action on summary judgment on the issue of negligence, where he does not appeal the dismissal. *See Rigney v. Superior Court,* 17 Ariz.App. 546, 499 P.2d 160 (1972); *Burrell v. Southern Pacific Company,* 13 Ariz.App. 107, 474 P.2d 466 (1970); *Restatement of Judgments* § 82 (1942). The theory of this rule is that as between the codefendants, the nonmoving defendant has standing, as an adverse party, to oppose the summary judgment, and is thereafter precluded from raising issues which were or could have been litigated at the time of the motion. *Rigney v. Superior Court, supra; Restatement of Judgments* § 82, *supra.*

■ As our discussion above indicates, summary judgment for the Edwards was appropriate only because of Mrs. Fleitz' admissions. Since appellants were prohibited from further arguing the question of Ed-

wards' negligence, consideration of Van Westrienens' allegations of Edwards' negligence at that juncture of the case would have been inappropriate. For this reason we cannot say that as between Edwards and Van Westrienens, Van Westrienens litigated or had the opportunity to litigate the question of Edwards' negligence. To hold them barred by res judicata would in effect foreclose them by Mrs. Fleitz' admissions, a result totally unwarranted by Rule 36.

Appellants next challenge the propriety of admitting into evidence interrogatories answered by Mrs. Fleitz and her testimony at a deposition, both of which were taken in a prior personal injury action brought by the appellants.

The Van Westrienens, in the course of their investigation, discovered that in 1967 appellants had filed suit to recover for personal injuries allegedly sustained by Mrs. Fleitz in a 1966 automobile accident. Her answers to interrogatories and deposition testimony in that case indicated she had seen three doctors in connection with neck injuries sustained in the 1966 accident.

In answer to interrogatories propounded by the Van Westrienens, Mrs. Fleitz disclosed her involvement in a 1961 accident, but failed to reveal the 1966 accident and the identities of the doctors she consulted as a result of that accident. In her deposition in this case, Mrs. Fleitz testified she could not recall being involved in any automobile accidents between 1961 and the one herein and that she had had no complaints whatsoever with respect to her neck during that period. Finally, at trial, Mrs. Fleitz testified she could not recall having neck problems or having been treated for such problems prior to present accident.

Appellants, in the meantime, had propounded non-uniform continuing interrogatories in which Van Westrienens were asked whether they contended any expenses claimed by Mrs. Fleitz were unreasonable or unnecessary or that her claimed injuries

---

1. The Edwards and the Van Westrienens were adverse parties for purposes of Edwards' motion for summary judgment, *Rigney v. Superior Court,* 17 Ariz.App. 546, 499 P.2d 160 (1972), and because Edwards filed a crossclaim against the Van Westrienens for judgment over in the event appellants recovered judgment against them.

**250**

were inaccurate or did not result from the Edwards-Van Westrienen collision. The Van Westrienens did not, either in their original responses or in supplemental answers, disclose their knowledge of the 1966 accident and the subsequent lawsuit.

At trial, over appellants' objections, Van Westrienens were permitted to introduce portions of Mrs. Fleitz' interrogatories and deposition from the 1967 lawsuit to impeach her testimony in the present action.

The law in Arizona regarding discovery of impeachment material is not altogether clear. Rule VI (b) and (f), Uniform Rules of Practice, 17A A.R.S., as promulgated and amended by the Supreme Court in 1965, appears to protect impeachment material from discovery. *See Zimmerman v. Superior Court,* 98 Ariz. 85, 93, 402 P.2d 212, 218 (1965) (dissenting opinion). Shortly after its amendment in 1965, the Supreme Court in *Zimmerman v. Superior Court, supra,* stated Rule VI only protects exhibits used solely for impeachment and which are not within the scope of Rule 26(b), Rules of Civil Procedure, 16 A.R.S., such as a witness' prior felony conviction or an "exhibit which would reveal a bias or motive of a witness for testifying." *Zimmerman v. Superior Court, supra* at 93, 402 P.2d at 217. While Van Westrienens' evidence here would appear to fall within the *Zimmerman* exception, other statements in *Zimmerman* make it clear the Court considered impeachment material relevant to the. severity or source of a plaintiff's injuries to be discoverable. *Zimmerman v. Superior Court, supra,* at 93, 402 P.2d 212.

Van Westrienens rely on Rule XVI(c)(1)(i) and (vii), Uniform Rules of Practice as amended January 29, 1971, rather than Rule VI to justify their failure to reveal the impeachment material. We think, however, the differences between Rules VI and Rule XVI are of no consequence in this analysis. *See Stines v. Superior Court,* 102 Ariz. 25, 424 P.2d 153 (1967). It is significant that the Supreme Court amended Rule XVI in 1971 and again in December 1975 with little change in the troublesome language regarding impeachment exhibits. It is unclear to us, therefore, that the Court in repromulgating the broad language in subsections (c)(1)(i) and (vii) intended its narrow construction in *Zimmerman* to remain in full force.

◼ Assuming the *Zimmerman* construction is still effective and that the impeachment material here is within its purview, we do not believe the court below abused its discretion by refusing to exclude Van Westrienens' evidence. Imposition of sanctions for failure to make discovery is within the discretion of the trial court. *Greco v. Manolakos,* 24 Ariz.App. 490, 539 P.2d 964 (1975); Rule 37, Rules of Civil Procedure, 16 A.R.S. Whether there was an abuse of discretion here depends upon the prejudice to appellants and the willfulness of Van Westrienens' omission. *Greco v. Manolakos, supra; Larson v. Macias,* 13 Ariz.App. 562, 479 P.2d 439 (1971). Van Westrienens have not denied their failure to answer plaintiffs' interrogatories was deliberate and this Court does not approve of such tactics. Van Westrienens properly should have sought a protective order pursuant to Rule 26(b), Rules of Civil Procedure, 16 A.R.S., rather than concealing the evidence. We do not believe, however, failure to disclose the evidence resulted in prejudice to appellants which would warrant exclusion of the evidence. If appellants' case became less persuasive once the evidence was presented, they have only themselves to blame for not making full disclosure to their counsel and in response to Van Westrienens' discovery. The trial court acted well within its discretion in refusing to exclude this evidence.

◼ Appellants next question the trial court's failure to declare a mistrial after defense counsel made remarks during his closing argument which allegedly inferred Van Westrienens were uninsured. Defense counsel offered to join in appellants' motion for mistrial if they seriously desired one. Counsel for appellants requested time to consult with his clients and then took no

further action in pursuit of his motion, neither did he request an instruction that the jury disregard defense counsel's remarks. Appellants waived error, if any, by failing to take steps to correct error at trial. We will not consider their contention now.

■ The next issue involves the court's refusal to direct a verdict in appellants' favor on the issue of Van Westrienens' liability at the close of Van Westrienens' case. Denial of this motion became moot when the jury found Van Westrienens liable. Further, appellants are not "aggrieved" within the meaning of Rule 73(a), Rules of Civil Procedure, 16 A.R.S., which provides that only a "party aggrieved" may take an appeal.

Appellants next contend the trial court erred in refusing to grant an additur or a new trial. The motion for a new trial was based on the alleged error discussed above and we will not consider it again. The motion for additur was based on what appellants describe as "uncontradicted" medical testimony that Mrs. Fleitz suffered 10% permanent impairment to her neck and a permanent paresthesia to her thumb. Appellants contend the jury's damage award was so far below the limits justified by the evidence that the court abused its discretion in denying an additur.

■ The record shows Mrs. Fleitz incurred medical expenses of approximately $900.00. In addition she asked for damages for lost wages in the amount of $1,200.00. The only evidence regarding her lost time was Mrs. Fleitz' testimony that she had missed "about six or seven working weeks" since the accident but could not state when. Further, the only basis for determining the amount of her lost income was Mrs. Fleitz' testimony that a schoolteacher in her position earns "a good $800" per month. While this testimony may have sufficed to show Mrs. Fleitz lost some income because of the accident, we question its sufficiency to show with reasonable certainty the amount of her loss, and, had Van Westrienens so moved, the trial court might well have re-

fused to instruct the jury on this element of damages. *See Coury Bros. Ranchers, Inc. v. Ellsworth,* 103 Ariz. 515, 446 P.2d 458 (1968); *White v. Breedon,* 65 Ariz. 117, 175 P.2d 201 (1946). Clearly the trial court did not abuse its broad discretion in this regard. *Creamer v. Troiano,* 108 Ariz. 573, 503 P.2d 794 (1972).

■ Appellants further contend the size of the verdict indicates the jury rejected "uncontradicted" medical testimony regarding the permanence of Mrs. Fleitz' injuries. It is true that a jury may not arbitrarily reject uncontradicted and unimpeached evidence from a disinterested witness. *Creamer v. Troiano, supra. Rowe v. Goldberg Film Delivery Lines, Inc.,* 50 Ariz. 349, 72 P.2d 432 (1937). Appellants' expert stated his opinion was based on Mrs. Fleitz' medical history as related by her. It was also shown, however, that she had not informed him of a prior injury to her neck and the jury could well have believed some of her injuries were incurred in her 1966 accident. While the evidence did not directly contradict appellants' expert, it did impair the accuracy of his testimony and the jury was not bound to accept it. *Coyner Crop Dusters v. Marsh,* 90 Ariz. 157, 367 P.2d 208, *rev. on other grounds on rehearing,* 91 Ariz. 371, 372 P.2d 708 (1962); *L. M. White Contracting Company v. Tucson Rock and Sand Company,* 11 Ariz.App. 540, 466 P.2d 413 (1970). Under the circumstances it was for the jury and not the court to fix the amount of appellants' award. *Creamer v. Troiano, supra.*

Finally, appellants contend costs and jury fees should not have been assessed against them pursuant to Rule 68, Rules of Civil Procedure, 16 A.R.S. Prior to trial the Van Westrienens made an offer of judgment which stated:

"COME NOW Defendants, David Charles Van Westrienen and Ruth Ann Van westrienen [sic], husband and wife, and pursuant to Rule 68, Rules of Civil Procedure, offer to allow judgment to be taken against them in favor of the Plaintiffs for the sum of $5,000.00, said sum

252

including therein the sum of $1,274.64 previously paid, and Plaintiffs costs incurred to date."

Appellants contend the amount of the offer is unknown because Van Westrienens submitted no evidence to prove the existence or nature of advance payments made to appellants. Accordingly, appellants argue, there is no evidence of an offer of judgment larger than the jury verdict and Van Westrienens must bear the costs. Rule 68, *supra*. We disagree.

 Van Westrienens, to establish that costs should be taxed against the appellants, had the burden of coming forward with evidence to show they made an offer of judgment greater than the verdict, $4,000.00. Rule 68, *supra*. *See Nabors v. Texas Co.,* 32 F.Supp. 91 (D.C.1940). The offer on its face is unambiguous and purports to be in the sum of $5,000.00. Once this evidence was before the trial court the burden shifted to appellants to show the $5,000.00 offer was in fact for something less. Appellants had full opportunity to substantiate their claim to show that the $1,274.64 had not been paid, or if paid, would not have reduced the $4,000 judgment in a manner similar to the $5,000 offer of judgment. They instead relied on bare allegations that the offer was ambiguous. The costs were properly charged against them.

Judgment affirmed.

DONOFRIO, P. J., Department A, and OGG, J., concur.