598 P.2d 1011

**McBATH & YOUNG WRECKING COMPANY, Petitioner Employer,**

**State Compensation Fund, Petitioner Carrier,**

v.

**The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**J. D. Evans, Respondent Employee.**

**No. 1 CA–IC 1977.**

Court of Appeals of Arizona, Division 1, Department C.

Aug. 2, 1979.

---

Robert K. Park, Chief Counsel, State Compensation Fund by John R. Greer, Phoenix, for petitioners employer and carrier.

John H. Budd, Jr., Chief Counsel, The Industrial Commission of Ariz., Phoenix, for respondent.

Harlan J. Crossman, Phoenix, for respondent employee.

## OPINION

EUBANK, Presiding Judge.

The dispositive issue in this Special Action—Industrial Commission is whether the hearing officer abused his discretion by refusing to consider a prior misdemeanor conviction for "False Statements to Obtain Benefits" on the question of the employee-

claimant's credibility. We hold that to exclude such evidence was an abuse of discretion and that the award should be set aside.

Respondent employee, J. D. Evans, was injured on August 30, 1974 while employed by petitioner employer, McBath & Young Wrecking Company, and began receiving workmen's compensation benefits. The State Compensation Fund closed the claim with no permanent disability on April 17, 1975, but the respondent employee's temporary benefits were restored following a hearing on November 25, 1975.

The carrier again terminated benefits by notice of claim status filed May 12, 1977. The employee requested a hearing and formal hearings were conducted before the Industrial Commission. In an award entered on December 21, 1977, the hearing officer found that the employee's back condition, causally related to the industrial injury, was not medically stationary and, thus, awarded medical and compensation benefits until such time as the condition should become stationary. The hearing officer affirmed the award on review, and petitioners then brought this special action.

At the hearing, petitioners sought to introduce into evidence a probation order of the Superior Court of California showing that the respondent employee had been convicted of the crime of "False Statements to Obtain Benefits," which was classified as a misdemeanor. The hearing officer refused to consider the conviction.

Prior Arizona cases have limited impeachment by conviction to those convictions constituting a felony. *State v. Daymus*, 90 Ariz. 294, 367 P.2d 647 (1961). The recently adopted Rules of Evidence have, however, expanded the scope of such impeachment to include convictions of offenses which involve dishonesty or false statement, regardless of the punishment. Rule 609(a), Arizona Rules of Evidence.[1]

---

1. Rule 609. Impeachment by Evidence of Conviction of Crime

    (a) General rule. For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established

by public record, if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect, and if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted or (2)

In Arizona, the hearing officer in a workmen's compensation proceeding "is not bound by common law or statutory rules of evidence or by technical or formal rules of procedure and may conduct the hearing in any manner that will achieve substantial justice." A.R.S. § 23–941F. The hearing officer's discretion is not absolute and must be exercised with the goal of achieving "substantial justice." This will generally require a liberalization of the rules of evidence, not the adoption of more stringent rules. This Court stated in *Gordon v. Industrial Commission*, 23 Ariz.App. 457, 533 P.2d 1194 (1975):

> the legislature enacted A.R.S. § 23–941(F), allowing for liberalization of the common law and statutory rules of evidence so that the greatest amount of competent evidence would be available to the Commission for its deliberation upon an award. Because of this aim, and the method the legislature has created of achieving it, reversible error is more likely to occur by the exclusion of admissible evidence than the inclusion of incompetent evidence. *See* 3 A. Larson, Law of Workmen's Compensation § 79.10 (1972). The Commission cannot be presumed to have reached the right result if it erroneously excluded on technical grounds some important piece of evidence which might have swayed the result. *See* Larson, *supra*, § 79.10.

23 Ariz.App. at 460–1, 533 P.2d at 1197–8.

The hearing officer's exclusion of the welfare fraud conviction runs contrary to the purpose of A.R.S. § 23–941F. The ruling restricts, rather than expands, the amount of competent evidence available for deliberation on the award.

There was conflicting medical testimony on whether the industrial injury to Mr. Evans was stationary. The hearing officer

accepted the opinion of Dr. Joseph Strong. Both the hearing officer's decision and Dr. Strong's opinion relied upon the truth of Mr. Evans' testimony. Therefore, his credibility was of utmost importance in the decision of this case.[2]

The respondent employee's fraud conviction stemmed from false statements he made while applying for California welfare benefits. This evidence would certainly have a bearing on the respondent's credibility. Because this evidence was not considered by the hearing officer, the award must be set aside.

The respondent employee argues that since it is solely the responsibility of the hearing officer to determine the credibility of the witnesses, the exclusion of the conviction evidence was not prejudicial to the petitioners' case. We disagree. A hearing officer may not exclude admissible evidence merely because he thinks it would not contribute materially to his ultimate conclusions. He cannot be presumed to have reached the right result if he erroneously excluded evidence which might have swayed that result. *Cash v. Industrial Commission*, 27 Ariz.App. 526, 556 P.2d 827 (1976).

Because the award will be set aside, we need not discuss the second issue raised by the petitioners.

The award is set aside.

HAIRE and FROEB, JJ., concur.

---

involved dishonesty or false statement, regardless of the punishment.

2. The carrier's position at the hearings pertinent to this review was that the employee's August 30, 1974 injury had produced only a temporary aggravation and that the employee's condition at the time of these hearings was

related to a condition preexisting the August 30, 1974 injury. Therefore, we do not find appropos respondent's argument that the employee's credibility was irrelevant because a prior award of temporary benefits established, *res judicata*, a back injury causally related to the August 30, 1974 injury.