806 P.2d 911

**Samira HORAN, Petitioner,**

v.

**The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**Abco Markets, Inc., Respondent Employer,**

**Argonaut Insurance Company, Respondent Carrier.**

**No. 1 CA–IC 90–072.**

Court of Appeals of Arizona, Division 1, Department E.

Feb. 19, 1991.

Harlan J. Crossman, P.C. by Harlan J. Crossman, Phoenix, for petitioner.

Anita R. Valainis, Chief Counsel, Indus. Com'n of Ariz., Phoenix, for respondent.

Jones, Skelton & Hochuli by Terrence Kurth, Phoenix, for respondents Employer and Carrier.

## OPINION

FIDEL, Judge.

In this review of an Industrial Commission award denying temporary disability benefits, we address three issues: (1) whether an offer of proof is necessary to achieve review of an exclusion of evidence; (2) whether a neurologist may express an opinion concerning the etiology of a psychological condition; and (3) whether exclusion of the neurologist's opinion was harmless error.

### History

In December 1988, claimant injured her back at work. Respondent carrier's agent (GAB) accepted compensability. Despite physical therapy, claimant continued to complain of pain. In February 1989, claimant's treating physician referred her to neurologist Lawrence Teitel, M.D.

Dr. Teitel diagnosed a cervical strain, still symptomatic, and recommended conservative treatment for three months more. Claimant's complaints of pain persisted, and in May 1989, noting that claimant appeared depressed, Dr. Teitel referred her to Martin E. Keller, a psychologist, for evaluation and treatment. Dr. Keller reported that claimant's symptoms indicated "a strong depressive component."

In July 1989, Irwin Shapiro, M.D., an orthopedic surgeon, examined claimant at GAB's request and found nothing objective to explain her ongoing complaints of pain.

Dr. Shapiro agreed that claimant showed depressive symptoms, but recommended that she return to work.

Relying on this report, GAB changed claimant's disability status from temporary total to temporary partial. Although the carrier continued to pay medical benefits, it discontinued compensation benefits in July 1989. Claimant did not formally protest this notice, but on August 28, 1989, she filed a request for an investigation under Ariz.Rev.Stat.Ann. § 23–1061(J) (Supp. 1990).[1]

Claimant subsequently submitted two reports from Dr. Teitel, both prepared in August 1989. The first stated that he had been treating claimant for back and neck pain and "secondary development of depression." The second stated that claimant was "still disabled from returning to work.... How much of this is from her pain, discomfort, cervical strain and back strain and how much is some secondary depression as a result of the first injury is not clear, but there is no doubt that the two are related."

GAB subsequently accepted responsibility for the cost of Dr. Keller's evaluation and treatment, but continued to deny temporary disability benefits in reliance on Dr. Shapiro's report. Claimant requested a hearing to adjudicate her right to compensation. The primary issue at hearing was whether injury-related pain and depression disabled claimant from returning to work.

Claimant called Dr. Keller, who diagnosed a psychogenic pain disorder with depressive features, causally related to the industrial injury. Dr. Keller indicated that he could not rule out secondary gain, "an unconscious mechanism, whereby the patient derives some benefit from their psychological symptoms." He indicated that the claimant "would benefit from more psychological help to eventually improve her condition and get her back to work."

William F. Sheeley, M.D., a psychiatrist who examined claimant for respondents, disputed the diagnosis of depression. He testified that claimant had a histrionic personality disorder and consciously complained of pain to manipulate her family.

Dr. Teitel, the treating neurologist, described a depressive element in claimant's symptoms and described her condition as disabling, but was not permitted to respond when asked whether claimant's depression had substantially contributed to her disability. The administrative law judge found Dr. Teitel unqualified by specialty to explain the etiology of claimant's mental condition, though Dr. Teitel had treated that condition and psychiatric studies were "an integral component" of his training in neurology.

The administrative law judge denied temporary disability benefits. All the medical experts agreed that no objective physical condition prevented claimant from returning to work. As for a disabling depressive condition, the administrative law judge found none; rather, he found, in accordance with Dr. Sheeley's testimony, that claimant was "using her pain as 'currency' for secondary gain by way of compensation on a conscious level." The award was affirmed on administrative review, and this special action followed.

### Offer of Proof

■ Respondents argue that claimant foreclosed appellate review of the exclusion of Dr. Teitel's opinion because she failed to disclose by offer of proof what the substance of his testimony would have been.

In civil cases, an offer of proof is ordinarily necessary to preserve an exclusionary ruling for review. *See* Ariz.R.Evid. 103(a)(2) (codified at 17A Ariz.Rev.Stat. Ann.) (hereinafter Rule 103(a)(2)).[2] The ne-

---

1. Ariz.Rev.Stat.Ann. § 23–1061(J) (Supp.1990) states:

   The commission shall investigate and review any claim in which it appears to the commission that the claimant has not been granted the benefits to which such claimant is entitled. If the commission determines that pay-

   ment or denial of compensation is improper in any way, it shall hold a hearing pursuant to § 23–941 within sixty days after receiving notice of such impropriety.

2. Rule 103(a) provides in pertinent part:
   Error may not be predicated upon a ruling which ... excludes evidence unless ... (2) ...

cessity of an offer has been uncertain in Industrial Commission cases, however. First, Ariz.Rev.Stat.Ann. § 23–941(F) (1983) provides that "the administrative law judge is not bound by common law or statutory rules of evidence ... and may conduct the hearing in any manner that will achieve substantial justice." Second, though this court has strongly encouraged offers of proof in workers' compensation cases, it also has observed that the Industrial Commission Rules did not specify that procedure. *See Gordon v. Industrial Comm'n*, 23 Ariz.App. 457, 460, 533 P.2d 1194, 1197 (1975); *see also Amey v. Industrial Comm'n*, 156 Ariz. 390, 393, 752 P.2d 43, 46 (App.1988).

■ Recently the Industrial Commission Rules were amended to permit "an offer of proof either in the form of an avowal or in writing." Ariz.Comp.Admin.R. & Regs. R4–13–148(B) (effective Mar. 1, 1987). Given this amendment and our past encouragement, we now hold that Industrial Commission hearings are governed by the general principle codified in Rule 103(a)(2).

This does not mean, however, that the absence of an offer of proof was fatal in this case. An offer of proof "serves the dual function of enabling the trial court to appreciate the context and consequences of an evidentiary ruling and enabling the appellate court to determine whether any error was harmful." *Molloy v. Molloy*, 158 Ariz. 64, 68, 761 P.2d 138, 142 (App.1988); *see also* M. Udall & J. Livermore, *Arizona Practice—Law of Evidence* § 13 (2d ed. 1982). Because this dual function is sometimes satisfied in the absence of an offer of proof, Rule 103(a)(2) provides that the omission of an offer does not preclude review when "the substance of the evidence was ... apparent from the context within which questions were asked."

Illustrations of this point are many. *Molloy* was a domestic relations proceeding in which wife was erroneously precluded from presenting independent expert testimony concerning the value of husband's law practice. This court found the sub-

stance of the evidence apparent and the exclusion reviewable despite the absence of an offer of proof. 158 Ariz. at 68, 761 P.2d at 142. In *Greco v. Manolakos*, 24 Ariz. App. 490, 539 P.2d 964 (1975), the trial court wrongly excluded evidence of an accident victim's future medical expenses. This court reversed, stating, "because the admissibility and relevancy of the proffered testimony is obvious, the [omission of] an offer of proof ... is of no importance in this case." *Id.* at 491, 539 P.2d at 965. In *State v. Kaiser*, 109 Ariz. 244, 508 P.2d 74 (1973), our supreme court reversed a criminal conviction because the trial court wrongly excluded the testimony of a character witness. Though defendant made no offer of proof, the supreme court found the purpose of the testimony obvious. Because "the trial court could judge the type of testimony to be elicited," the omission did not preclude review. *Id.* at 247, 508 P.2d at 77.

The same principle is illustrated by this case. Dr. Teitel had already testified that a depressive component of the claimant's injury was "integral to her problem of getting her back to work." He was then asked and forbidden to answer whether the industrial injury was a substantial contributing cause of her depression. In this case, as in the cases above, the relevance of the excluded testimony was obvious. It was likewise obvious, both from the context of the question and from reports of Dr. Teitel, already filed with the Commission, that the doctor would have testified favorably to claimant on the subject of causation.

### Competency

■ We turn to the question whether the administrative law judge erroneously excluded Dr. Teitel's opinion. We note that respondents' trial counsel, in his own words, objected "violently" to Dr. Teitel's testimony at the time of hearing, but that appellate counsel has responsibly chosen not to defend its exclusion on appeal.

---

the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked.

The administrative law judge explained his exclusionary ruling as follows: "He is not a psychiatrist, he is a neurologist.... It's beyond the doctor's expertise." This ruling was both factually and legally incor- rect.

■ First, it is well established in Arizona that a physician's specialty affects the weight of his opinion, not its admissibility. *See, e.g., Haynes v. Industrial Comm'n,* 19 Ariz.App. 559, 561, 509 P.2d 631, 632 (1973) (orthopedist qualified to express opinion about relationship between cardiac condition and industrial injury); *see also Chalupa v. Industrial Comm'n,* 109 Ariz. 340, 341–42, 509 P.2d 610, 611–12 (1973) (a chiropractor is competent to express an expert opinion only about the cause of a condition he is licensed to treat; a medical doctor, by contrast, is competent "to give expert testimony in the entire medical field.").

Second, though Dr. Teitel's general medical training alone qualified him to give the excluded opinion, the doctor testified that he had additional specialty training in diagnosis and treatment of mental illnesses. Psychiatric studies, he testified, were "an integral component of neurology," and his certifying board was the American Board of Psychiatry and Neurology.

Finally, we point out that Dr. Teitel actually treated the depressive component of claimant's condition, prescribing Prozac, which served both as mood elevator and pain reliever. The administrative law judge thus excluded Dr. Teitel's etiological explanation of a condition he was not only qualified to explain, but treated in fact.

### Harmless Error

■ The last issue is whether exclusion, though clearly erroneous, was harmless error.

■ Parties to an Industrial Commission hearing have a fundamental right to present evidence to support or defend the claim. *See, e.g., Rosovich v. Industrial Comm'n,* 133 Ariz. 374, 651 P.2d 1199 (1982); *Gordon v. Industrial Comm'n,* 23 Ariz.App. 457, 533 P.2d 1194 (1975). Re- spondents argue, however, that Dr. Teitel's opinion was merely cumulative or less persuasive than other evidence and that we should find its exclusion harmless. We cannot agree.

■ In Industrial Commission cases, the harmless error doctrine is sparingly applied. Exclusion of evidence is harmless only if admission of the evidence could not have swayed the result. *See Gordon,* 23 Ariz.App. at 460–61, 533 P.2d at 1197–98 (courts will not presume that an administrative law judge reached the right result if he "erroneously excluded on technical grounds some important piece of evidence which might have swayed the result."); *accord McBath & Young Wrecking Co. v. Industrial Comm'n,* 123 Ariz. 192, 194, 598 P.2d 1011, 1013 (App.1979); *see also* 2B A. Larson, *Law of Workmen's Compensation* § 79.12 (1989) (administrative law judge who excludes admissible evidence cannot be presumed to have reached correct result if the evidence "might" have supported a contrary result).

In *Gordon* we explained:

... Industrial Commission hearings are fundamentally different from the usual adversary proceedings. Their purpose, while in a sense of course, being adversary, really remains the humanitarian and compassionate one of aiding and compensating the injured worker.... It was in keeping with such motives that the legislature enacted A.R.S. § 23–941(F), allowing for liberalization of the common law and statutory rules of evidence so that the greatest amount of competent evidence would be available to the Commission for its deliberation upon an award. Because of this aim, and the method the legislature has created of achieving it, reversible error is more likely to occur by the exclusion of admissible evidence than the inclusion of incompetent evidence.

23 Ariz.App. at 460, 533 P.2d at 1197 (citations omitted).

The evidence in this case was highly competent, and its exclusion was prejudicial to claimant because it might have swayed the

result. The dispositive issue was whether the industrial injury caused claimant to suffer a disabling medical condition. Dr. Teitel was not only medically trained, but specialty-trained, to treat and explain what he described as a depressive component of that condition. The administrative law judge impermissibly excluded the opinion of a qualified treating physician on a dispositive point of contention; we decline to find the error harmless.

The award is set aside and the case remanded for new hearing.

VOSS, P.J., and GRANT, J., concur.