NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JOHN DELGADO, *Petitioner Employee*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

PHOENIX LOGISTIC CENTER, *Respondent Employer*,

SENTRY INSURANCE A MUTUAL COMPANY, *Respondent Carrier*.

No. 1 CA-IC 19-0038
FILED 6-16-2020

Special Action - Industrial Commission
ICA Claim No. 20031-980368
Carrier Claim No. 51C338808
The Honorable Amy L. Foster, Administrative Law Judge

**AFFIRMED**

COUNSEL

Hendrickson & Palmer, PC, Phoenix
By Adam P. Palmer
*Counsel for Petitioner Employee*

Industrial Commission of Arizona, Phoenix
By Gaetano J. Testini
*Counsel for Respondent*

Lundmark Barberich LaMont & Slavin PC, Phoenix
By R. Todd Lundmark
*Counsel for Respondent Employer and Carrier*

---

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge Jennifer M. Perkins joined.

---

**M O R S E**, Judge:

¶1 Petitioner John Delgado appeals from an Industrial Commission of Arizona ("ICA") award that found his right ankle medical condition is not medically related to a 2003 industrial injury to his left ankle. He argues that the administrative law judge was required, pursuant to Arizona Rule of Evidence 702 and *Daubert v. Merrell Dow Pharm., Inc.*, 516 U.S. 869 (1995), to conduct a specific analysis of a medical article put into evidence and relied upon by an expert witness. Because Arizona law does not require the application of Rule 702 and *Daubert* to evidentiary rulings by ICA administrative law judges, we reject Delgado's argument and affirm the award.

**FACTS AND PROCEDURAL BACKGROUND**

¶2 Delgado worked for Respondent Phoenix Logistics Center in 2003 when a forklift crushed his left ankle and foot. Respondent Sentry Insurance Company ("Sentry") accepted his claim. Over the next 15 years, Delgado had six surgeries on his left ankle and foot, ending in a fusion that immobilized his left ankle. Delgado has not worked since 2003. In early 2018, Delgado started complaining about pain in his right ankle. Dr. Stanley Graves, an orthopedic surgeon, has been treating Delgado's left ankle since 2003, and performed the most recent surgery in 2017. He began treating the right ankle for "overuse" stress that damaged the tendons. After trying conservative treatments, Dr. Graves recommended that Delgado have surgery on his right ankle for that condition. Delgado requested worker's compensation coverage for the surgery, arguing that his left ankle industrial injury caused the right ankle condition. Sentry denied the request, determining that the right ankle condition was not related to the industrial injury.

2

¶3        The dispute went to hearing.  Delgado testified about his 2003 injury and his right ankle.  He called Dr. Graves as an expert witness to testify about his opinion that the left ankle condition was related to the 2003 industrial injury.  Dr. Graves testified that the right ankle condition was caused by the stress of favoring the right ankle because of the deformities and limitations created in the left ankle by the injury, surgeries, and recuperation.

¶4        Respondents retained orthopedist Dr. Irwin Shapiro to conduct an Independent Medical Examination ("IME") of Delgado in November 2018.  Shapiro testified that Delgado's right ankle issues were unrelated to the 2003 industrial injury.  He noted that from 2005 to 2015, Delgado was incarcerated and had severely limited time on his feet. Delgado estimated that he was on his feet only 60-90 minutes a day during his incarceration.  During the time after his release, Delgado admitted that he spent most of his time off his feet due to recuperation from several surgeries on his right ankle.  Dr. Shapiro identified this lack of activity as a basis for his opinion.  He also relied on an article, "Evaluating Causation of Favoring for the Opposite Limb," found in chapter 33 of the AMA Guides to the Evaluation of Disease and Injury Causation, 2nd edition ("AMA causation article").  That article states that there is no evidence to support the belief that favoring one limb produces pain or impairment in the opposite limb.  Dr. Shapiro described three reasons for this: (1) these persons are on their feet much less than normal; (2) they walk much slower than normal; and (3) they have shorter strides.  He found all three of these factors in his examination of Delgado.

¶5        The administrative law judge resolved the conflict in medical testimony in favor of Dr. Shapiro, finding that the left ankle condition was not related to the industrial injury.  Delgado requested review and the administrative law judge reaffirmed that Delgado had not shown a causal relationship between his left and right ankle conditions.  This special action appeal followed.

**DISCUSSION**

¶6        In reviewing a worker's compensation award, we defer to the administrative law judge's factual findings but review questions of law *de novo*.  *Young v. Indus. Comm'n*, 204 Ariz. 267, 270, ¶ 14 (App. 2003).  The injured employee bears the burden of establishing each element of a claim. *Yates v. Indus. Comm'n*, 116 Ariz. 125, 127 (App. 1977).  When an injury would not be apparent to a layperson, expert medical testimony is required to establish "not only the causal connection between a claimant's medical

condition and the industrial accident, but also the existence and extent of any permanent impairment." *Gutierrez v. Indus. Comm'n*, 226 Ariz. 1, 3, ¶ 5 (App. 2010), *aff'd in part*, 226 Ariz. 395 (2011). The administrative law judge must resolve conflicts in medical expert testimony, which we will not disturb unless "wholly unreasonable." *Stainless Specialty Mfg. Co. v. Indus. Comm'n*, 144 Ariz. 12, 19 (1985). Viewing the evidence in the light most favorable to sustaining an award, we will affirm the administrative law judge's decision unless there is no reasonable basis for it. *Lovitch v. Indus. Comm'n*, 202 Ariz. 102, 105, ¶ 16 (App. 2002).

¶7        The ICA hearing process is governed by statute and administrative rule. *See, e.g.*, A.R.S. § 23-941 ("hearing rights and procedure"); A.A.C. R20-5-148 ("burden of presentation of evidence; offer of proof."). The procedural requirements are minimal. We have noted that

> Industrial Commission hearings are fundamentally different from the usual adversary proceedings. Their purpose, while in a sense of course, being adversary, really remains the humanitarian and compassionate one of aiding and compensating the injured worker.

*Gordon v. Indus. Comm'n*, 23 Ariz. App. 457, 460 (1975).

¶8        The process is therefore more relaxed than standard court processes. To that end, A.R.S. § 23-941(F) provides that "the administrative law judge is not bound by common law or statutory rules of evidence or by technical or formal rules of procedure and may conduct the hearing in any manner that will achieve substantial justice." The administrative law judge retains discretion to determine evidentiary issues with the ultimate goal of substantial justice. *N. Arizona Univ. v. Indus. Comm'n*, 123 Ariz. 407, 410-11 (App. 1979).

¶9        Here, Delgado argues that Rule 702 and *Daubert* should apply in an administrative proceeding, and the administrative law judge erred by not excluding Dr. Shapiro's testimony and the AMA causation article on that basis. In support, he contends that A.R.S. § 23-941(F) does not say otherwise and notes that other states that apply formal rules of evidence to worker's compensation hearings also use *Daubert* or its equivalent to determine admissibility. But in Arizona, the administrative law judge "is not bound by . . . the statutory rules of evidence," and is authorized to use any process that provides substantial justice. A.R.S. § 23-941(F). Delgado's argument is without merit because Rule 702 and *Daubert* are not required in worker's compensation hearings where the administrative law judge has

the discretion to use whatever process is conducive to providing substantial justice, nothing more. *See Id.*

**¶10** On appeal, Delgado neither mentions nor argues that this standard of substantial justice was denied. "Our policy, and the policy of most appellate courts, is that issues not clearly raised in appellate briefs are deemed waived." *Childress Buick Co. v. O'Connell*, 198 Ariz. 454, 459, ¶ 29 (App. 2000). This policy is based on the notion it would be unfair for the court to decide the case on issues they may have intentionally decided not to present. *Id.* Further, this policy "restrains the court from branching off on its own and deciding cases with no research assistance or analytical input from the parties." *Id.*

**¶11** Even so, we find no denial of substantial justice because Delgado can show no prejudice resulting from any alleged error. The record shows that the administrative law judge assessed the reliability of both Dr. Graves' and Dr. Shapiro's testimonies. In the Decision upon Review, she found Dr. Graves' testimony unpersuasive because he had not taken measurements and his opinion was based on physical factors that she found not proven by Delgado. Specifically, the administrative law judge found that the evidence did not show the overuse of Delgado's right ankle. The record supports her conclusions. Therefore, even without Dr. Shapiro's testimony, Delgado did not meet his burden. Accordingly, we affirm.

## CONCLUSION

**¶12** Delgado has failed to show that he was not given substantial justice by the hearing process used in his hearing at the ICA. We affirm.



AMY M. WOOD • Clerk of the Court
FILED:   AA

5