195 P.2d 158

**PETERSON v. SUNDT et ux.**

**No. 5014.**

Supreme Court of Arizona.

June 28, 1948.

314

Evo De Conconi, Atty. Gen., and Charles D. McCarty, Asst. Atty. Gen., for appellants.

Darnell, Robertson & Holesapple, of Tucson, for appellees.

UDALL, Justice.

This is an appeal by the Arizona State Tax Commission and the State Treasurer from identical decisions of the Superior Court in two cases involving refund of income taxes paid to the State of Arizona. These two suits were separately filed by John S. Sundt and Marion S. Sundt, his wife (appellees), being suits numbered 28037 and 28038 in the Superior Court of Pima County. Since the issues of fact and law were identical, the cases were consolidated for trial and are jointly brought here on this appeal.

It appears from the abstract of record that on December 31, 1945, both taxpapers

filed claims under section 73-1544, A.C.A. 1939, for refunds from income taxes paid for the year 1942, each taxpayer claiming a refund in the amount of $11,453.96. The Commission, after reviewing the applications, entered an order on December 26, 1946, approving a refund to each taxpayer in the sum of $4,948.17. The taxpayers did not appeal from these orders, as they are permitted to under sections 73-1544(d) and 73-1539, nor did the Commission, before losing jurisdiction, take any further steps with reference thereto. The refund being for an amount in excess of $1,000, the appellees brought separate suits, pursuant to the provisions of Chapter 15, Session Laws of 1943, section 73-1549(d), A. C. A. 1939, as amended, alleging the facts as heretofore stated and praying that the court approve the refunds as allowed by the Commission.

■ We take judicial notice of the fact that between the date of the entry of the order here in question and the filing of the instant suits there was a change in the elected personnel of the Commission, resulting in the appointment of a new Director of the Income Tax Division. At the trial of this matter the plaintiff taxpayers introduced evidence of the payment of the tax and of the Commission's order for refund, and rested. The State, in an attempt to show the impropriety of the refund, sought to elicit testimony from Mr. Lockwood, the new director and the only witness in the case, to the effect that there had been a further audit of the taxpayers'

rates, subsequent to the entry of the Commission's order, which disclosed that an error had been made. This testimony was objected to on the ground that "The decision under section 73-1538 becomes final and conclusive upon the Tax Commission or anyone else, and is not subject to collateral attack." The objection to this line of testimony was sustained by the court upon the ground that the court was without any right to inquire into the propriety or correctness of the Commission's order for a refund. Judgment was entered for both taxpayers as prayed for, and the Attorney General in behalf of the State has prosecuted this appeal from both of such judgments.

There are two assignments of error:

(1) The court erred in refusing to admit evidence offered by the State for the purpose of showing the impropriety of the tax refund.

(2) The court erred in ruling that the court was without right to inquire into the propriety of a tax refund under section 73-1544, A.C.A. 1939, where the amount of refund exceeds the sum of $1,000 and suit is filed pursuant to section 73-1549(d), A.C.A. 1939, as amended.

and the following proposition of law:

A proceeding under section 73-1549(d), A.C.A. 1939, for a refund of income taxes where the refund exceeds the sum of $1,-000 contemplates a de novo inquiry by the court into the propriety of the refund.

■ At the outset it should be remembered that the recovery of taxes erroneously collected or paid is a matter of governmental grace, and in the absence of a statute authorizing a recovery there can be no recovery of taxes voluntarily though erroneously paid. O'Malley v. Sims, 51 Ariz. 155, 75 P.2d 50, 115 A.L.R. 634; Tucson Title Ins. Co., v. State Tax Comm., 59 Ariz. 334, 127 P.2d 341.

■ The Arizona Legislature, by enacting section 73-1544, supra, has provided the procedure, burdensome though it may be, which must be followed to obtain a refund of income taxes erroneously collected or paid. Prior to July 1, 1943, the effective date of Ch. 15, S.L. 1943, the Commission had plenary powers to make tax refunds. As amended the law now reads: "The state treasurer shall place in the 'income tax suspense fund' ten per cent of all other income tax receipts until the fund shall contain twenty thousand dollars, including such amount held therein as paid under protest, and thereafter only such amounts as may be necessary to maintain it at that figure. From the 'income tax suspense fund' the state treasurer shall pay all refunds to income taxpayers *in any amount less than one thousand dollars* upon the certificate of the state tax commission, *and such refunds as are in excess of one thousand dollars by decree of a court of competent jurisdiction.* (Emphasis supplied.)

From which it will be observed that the powers of the Commission as to making tax refunds has been greatly curtailed, in that, if the amount involved is in excess of $1,000, it can be made only after a suit has been brought in the Superior Court and a decree obtained. This action is in no sense an appeal since as a condition precedent to the action there has to be a favorable order by the Commission, nor is it a collateral attack upon the Commission's order, but rather a special statutory proceeding to obtain a tax refund. It is inconceivable that the Legislature in enacting this amendment intended to shackle the Superior Court in its independent inquiry as to the propriety of the refund by providing that the court is absolutely bound by a prior order of the Tax Commission. It is wholly foreign to our system of jurisprudence for a court of competent jurisdiction to be subservient to an inferior board, commission, or tribunal. If the court had no right to inquire, either on its own motion or at the behest of one of the parties to the action, into the correctness of the refund, there would be no reason for requiring the court to approve the allowance of a refund.

■ It is a basic rule of statutory construction that a statute should be construed in the light of the evil which it was designed to remedy. Bank of Lowell v. Cox, 35 Ariz. 403, 279 P. 257; City of Tucson v. Tucson Sunshine Climate Club, 64 Ariz. 1, 164 P.2d 598. The learned trial court neatly expressed (albeit did not follow) the purpose of the statute:

"The Court: The legislature said to the Commission, 'You can pay up to $1,000. If it goes beyond that sum', they said, 'we want the court to look at it and see whether or not you are acting in a proper manner.' "

In keeping with what we believe to be the clear legislative intent, we hold that the action thus provided for under section 73-1549(d) contemplates a de novo inquiry by the court into the propriety of the tax refund. Doubtless in the great majority of suits arising under this statute, it will be more or less a perfunctory proceeding, but where, as here, the State seeks to show the impropriety of the refund upon any valid ground it should be permitted to do so.

■ The taxpayers (appellees) early filed a motion to dismiss the appeal upon the ground that appellants were barred by limitation of action from proceeding with said appeal under the provisions of section 73-1536, A.C.A. 1939, the pertinent part of which reads: "Corrections or additional assessments of income may be made at any time within three [3] years after the close of the period covered by a report of income; * * *." We reserved a ruling, passing it for consideration when the case was presented on its merits. It is our opinion that the motion to dismiss is without merit and should be denied as this appeal does not involve the power of the Tax Commission to change the assessment—it involves the power of the court under section 73-1549(d), supra, as amended, to inquire into the propriety of the refund ordered by the Commission.

■ Appellees have advanced certain propositions of law · in their answering brief upon which there is no disagreement, i. e., (a) it is conceded that the order of the Tax Commission became final thirty days after its entry as no petition for correction of assessment was made on behalf of the taxpayers, nor was any notice of reassessment given by the Commission during that period; (b) it is further conceded that the Commission was barred under section 73-1536, supra, from making any additional assessment or correction of the 1942 income tax returns of these taxpayers after December 31, 1946. In other words the power of the Tax Commission with respect to the order for refund was then wholly terminated as it no longer had any jurisdiction to amend the same. However, it is non sequitur to say that, when the taxpayer brings suit under section 73-1549(d) to recover a tax refund of over $1,000, the State, acting through its officials, may not point out to the court errors in computation or other valid grounds tending to show the impropriety of the refund.

To meet appellants' first assignment of error, relative to the trial court's refusal to admit evidence showing the impropriety of the refund, appellees contend that appellants have failed to show prejudice from the court's adverse ruling in that no offer

to prove any such facts was made during the trial. The reporter's transcript of the evidence and proceedings at the trial comprises but ten typewritten pages, much of which is colloquy between court and counsel; hence, we are left somewhat in the dark as to the nature of the defense.

The rule is that ordinarily a ruling of the court excluding evidence cannot be reviewed on appeal in the absence of an offer of proof showing that the excluded evidence would be admissible and relevant. Woodmen of the World Life Ins. Soc. v. Velasquez, 60 Ariz. 457, 139 P.2d 766. There are however certain well-recognized exceptions to this rule, as is succinctly stated in 4 C.J.S., Appeal and Error, § 291 b(1), as follows: *"Exceptions and Limitations. Notwithstanding the general rule above stated it is often held that an offer of evidence is not necessary to preserve an objection to a ruling of exclusion for review, where the purpose and purport of the testimony expected to be elicited is obvious, as when the question asked clearly indicates the pertinency, materiality, and nature of the answer expected, or the answer has been given and excluded, or where the court has ruled broadly that no evidence is admissible in support of the theory or fact which the party is seeking to establish."* (Emphasis supplied.)

See also Caminetti v. Manierre, 23 Cal.2d 94, 142 P.2d 741; Lawless v. Calaway, 24 Cal.2d 81, 147 P.2d 604; Murphey v. Brown, 12 Ariz. 268, 100 P. 801.

While the assistant attorney general trying this case did not very carefully preserve his record, we believe it does sufficiently appear therefrom that the trial court clearly intimated that it would receive no evidence on the subject and adopted the position that it was without power to go behind the Commission's order by inquiring into the propriety of the refund. Therefore, even in the absence of an offer of proof the exclusion of such evidence may be claimed on appeal.

Finally appellees urge that the statute in question (section 73-1549(d), as amended, supra) is void on account of indefiniteness, uncertainty, inconsistency, and discrimination. No authorities have been cited in support of this proposition of law advanced by them: rather we are asked to examine the law and conclude from the face of the statute that it is void. It is our duty to sustain and uphold statutes rather than to ignore or defeat them; to give them operation, if the language will permit, instead of treating them as meaningless. Coggins v. Ely, 23 Ariz. 155, 202 P. 391.

There appears nothing inconsistent in the statute, nor do we believe that it is in any way discriminatory. The statute treats all taxpayers in the same class alike. True, different procedures are

established depending upon the amount involved, but that is not an uncommon practice in our jurisprudence where jurisdiction is frequently made dependent upon the amount in controversy. See article 6, section 6, Constitution of Arizona; also Bravin v. Tombstone, 4 Ariz. 83, 33 P. 589 and Haddad v. State, 23 Ariz. 105, 201 P. 847.

 We next consider the claim that the act is void for uncertainty and indefiniteness because it does not set forth what procedure is intended, what issues are before the court, or what record if any should be considered. Possibly the best answer to this contention is appellees' well-drawn complaint and appellants' answer. Here the parties seemed to experience no difficulty in presenting the controversy to the court. The issue before the court is the propriety of the refund—a de novo inquiry. As this was a civil action, the provisions of law governing same apply. While the statute in question is not artfully drawn, the legislative intent, to our minds, is crystal clear. The Legislature proposed to use the courts as a safeguard against the making of illegal refunds by the Commission of amounts in excess of $1,000, and we fail to see any insurmountable difficulties in the courts' giving that legislative intent full force and effect. It is to be remembered that the statute here under consideration is not a statute levying a tax, which always requires strict construction,—but a statute establishing procedure in connection with the allowance of a refund.

 The following quotation from 50 Am.Jur., Statutes, section 473, is pertinent: *"Restrictions upon Invalidation for Uncertainty.*—The basis of the principle that courts will not, in doubtful cases, pronounce a legislative act to be contrary to the Constitution, applies with equal force where the courts are called upon to declare a statute to be so meaningless and unintelligible as to be inoperative, and there are many cases in which claims that particular statutes or statutory provisions are void for indefiniteness have been rejected. * * * From these cases it is evident that absolute or mathematical certainty is not required in the framing of a statute. A statute is not necessarily void merely because it is vague, indefinite, or uncertain, or contains terms not susceptible of exact meaning, or is stated in general terms, or prescribes a general course of conduct, or does not prescribe precise boundaries, or is imperfect in its details, or contains errors or omissions, or because the intention of the legislature might have been expressed in plainer terms, and questions may arise as to its applicability, and opinions may differ in respect of what falls within its terms, or because the statute is difficult to execute. A statute will not be declared void for vagueness and uncertainty where the meaning thereof may be implied, or where it employs words in common use, or words commonly understood, or words

320

previously judicially defined, or having a settled meaning in law, or a technical or other special meaning well enough known to enable persons within the reach of the statute to apply them correctly, or an unmistakable significance in the connection in which they are employed. *In short, legislation otherwise valid will not be judicially declared null and void on the ground that the same is unintelligible and meaningless unless it is so imperfect and so deficient in its details as to render it impossible of execution and enforcement, and is susceptible of no reasonable construction that will support and give it effect, and the court finds itself unable to define the purpose and intent of the legislature. * * *"* (Emphasis supplied.)

See also Coggins v. Ely, supra.

■ We believe that the statute falls within the principles above enunciated. The implied construction placed upon the statute by the lower court, in excluding the testimony offered by the State, in effect rendered nugatory the 1943 amendment to the statute, and would make of the court merely a rubber stamp for the action of the Tax Commission. No such construction can be justified or sustained.

The judgments are reversed and the causes remanded for new trials.

STANFORD, C. J., and LA PRADE, J., concur.