494 P.2d 733

The STATE of Arizona, Appellee,

v.

Harry KAISER, Appellant.

No. 2 CA–CR 275.

Court of Appeals of Arizona, Division 2.

Feb. 3, 1972.

Rehearing Denied Feb. 29, 1972.

Review Granted March 28, 1972.

Rose Silver, Pima County Atty. by John L. Augustine, Deputy County Atty., Tuscon, for appellee.

Howard A. Kashman, Pima County Public Defender by Eleanor Daru Schorr,

Deputy Public Defender, Tucson, for appellant.

KRUCKER, Chief Judge.

This is an appeal from a jury verdict of guilty on an information charging assault with a deadly weapon.

The sole question presented to this court for review is whether the ruling of the trial court refusing to allow the defendant to call a character witness to testify, when the defendant himself did not and was not going to take the stand in his own defense, was error.

At the time the State rested, there was discussion in chambers with the court reporter present, and the court was advised that the defendant would not take the stand and that the defense would only call one witness, a character witness. In open court the same representation was made—before the jury—that the defendant would not take the stand but that the defense wished to call a named witness as a character witness. The court refused to allow the defense to call the character witness.

Under this set of circumstances, there are two additional questions that come to mind: (1) Should an offer of proof be made under Rule 43(h), Rules of Civil Procedure, 16 A.R.S., as to what the witness's testimony would be, and (2) Is it required that defense counsel advise the court as to the exact nature or type of character facet to which the character witness would testify.

We think the trial court and both State and defense attorneys understood that it would be a character witness for the defendant, but there was no explicit representation as to the type of questions of character to which the witness would testify.

We do not believe that under Rule 43(h), supra, an offer of proof was strictly

necessary where the court understood that it was going to be a character witness and that the defendant was not going to testify. As stated in Wigmore on Evidence, 3d Ed. § 56, at 451 (1940), citing State v. Hice, 117 N.C. 782, 23 S.E. 357 (1895), the exclusion of character testimony unless the defendant takes the stand is a ruling exhibiting such an ignorance of fundamental notions as to be scarcely credible. As stated in Udall, Arizona Law of Evidence § 114, at 222:

> "[The character evidence] is substantive in that the defendant may offer it whether or not he takes the stand and testifies in his own behalf."

However, if any such evidence is to be presented, the offer must not deal with evidence of good character generally but it must indicate the type of character witness, regarding the specific acts of conduct. The defendant, if offering character evidence, must offer evidence as to the trait involved in the charge. The trial court was never advised as to which character trait the information elicited from the witness would concern and not being in a position where the court could judge the type of testimony to be elicited other than "character," we feel that there was no abuse of discretion. The trial court properly sustained the objection to calling the character witness.

It would have been far better practice, particularly when the defendant is going to call a character witness and not take the stand himself, to either make an offer of proof or specifically advise the court as to the type of character-trait testimony that is to be elicited from the witness.

Judgment affirmed.

HATHAWAY and HOWARD, JJ., concur.