508 P.2d 74

**STATE of Arizona, Appellee,**

v.

**Harry KAISER, Appellant.**

**No. 2479–PR.**

Supreme Court of Arizona,
In Banc.
March 28, 1973.

Rose Silver, Former Pima County Atty., Dennis W. DeConcini, Pima County Atty., by John L. Augustine, Deputy County Atty., Tucson, for appellee.

Howard A. Kashman, Former Pima County Public Defender, Edward P. Bolding, Pima County Public Defender, Eleanor Daru Schorr, Deputy Public Defender, T. Scott Higgins, Tucson, for appellant.

LOCKWOOD, Justice:

This case is before us on a petition for review of a Court of Appeals opinion reported at 16 Ariz.App. 533, 494 P.2d 733 (1972). The opinion of the Court of Appeals is vacated; the judgment of the Superior Court is reversed; and the case is remanded for a new trial consistent with this opinion.

The defendant Harry Kaiser appealed from a jury verdict of guilty based upon an information charging assault with a deadly weapon under A.R.S. § 13–249, as amended. At the trial, the defendant did not take the stand but attempted to call a character witness, Edythe Reichard. The trial court refused to allow her to testify unless the defendant took the stand. No offer of proof was made by the defendant regarding what trait the witness' testimony would concern, but only that it involved the defendant's character.

The defendant assigns as error the fact that the trial court refused to allow a character witness to testify for him, when the defendant himself did not and was not going to take the stand.

It is well established that the accused when presenting his case, may offer evidence of his good character as substantive evidence from which the jury may infer that he did not commit the crime charged. Macias v. State, 39 Ariz. 303, 312, 6 P.2d 423, 426 (1931); Singh v. State, 35 Ariz. 432, 441–442, 280 P. 672, 675 (1929); Apodaca v. State, 21 Ariz.

273, 279–280, 187 P. 581, 583 (1920); McCormick on Evidence, § 191 (2d ed 1972); M. Udall, Arizona Law of Evidence § 114 (1960); 1 J. Wigmore, Evidence § 56 (3rd ed. 1940). Further, good character is a fact that the accused may offer in his defense, so long as it pertains to the trait involved in the charge. State v. Van Winkle, 106 Ariz. 481, 478 P.2d 105 (1970); Strickland v. State, 37 Ariz. 368, 294 P. 617 (1930); United States v. Chung Sing, 4 Ariz. 217, 36 P. 205 (1894).

■ It is also well known that because this evidence is substantive, the defendant may offer it whether or not he takes the stand and testifies in his own behalf. M. Udall, Arizona Law of Evidence § 114, at 222 (1960).

■ Because of the foregoing, we agree with the defendant that Edythe Reichard should have been allowed to testify about the defendant's character in spite of his refusal to take the stand. Nevertheless, this is not dispositive of the case, since no offer of proof was made regarding what the witness would testify to, except the general category of the defendant's character. It is for us to determine whether an offer of proof should be made under Rule 43(h), Rules of Civil Procedure, 16 A.R.S., regarding what the witness' testimony would be.

■ As a general rule evidence cannot be reviewed on appeal in the absence of an offer of proof showing that the excluded evidence would be admissible and relevant. Peterson v. Sundt, 67 Ariz. 312, 195 P.2d 158 (1948); Woodmen of the World Life Ins. Soc. v. Velasquez, 60 Ariz. 457, 139 P.2d 766 (1943); Sulpher Springs Valley Elec. Co-op., Inc. v. Verdugo, 14 Ariz.App. 141, 481 P.2d 511 (1971).

■ There are, however, some well-recognized exceptions to this rule. It is said that:

" 'Notwithstanding the general rule above stated it is often held that an offer of evidence is not necessary to preserve an objection to a ruling of exclusion for review, where the purpose and purport of the testimony expected to be elicited is obvious, * * * where the court has ruled broadly that no evidence is admissible in support of the theory or fact which the party is seeking to establish.' (Emphasis added.)" Peterson v. Sundt, 67 Ariz. 312, 318, 195 P.2d 158, 162 (1948).

See also Murphey v. Brown, 12 Ariz. 268, 100 P. 801 (1909); Beneficial Fire & Cas. Ins. Co. v. Kurt Hitke & Co., Inc., 46 Cal. 2d 517, 297 P.2d 428 (1956); Lawless v. Calaway, 24 Cal.2d 81, 147 P.2d 604 (1944); Caminetti v. Mainerre, 23 Cal.2d 94, 142 P.2d 741 (1943).

In the instant case, the charge stemmed from a fight between the defendant and the victim. The defendant asked for a cigarette and asked about the "Van Wagner girls." But the victim admitted that there was nothing hostile in the way the defendant asked these questions. The victim also testified that:

"Q. Now, did Harry Kaiser strike you before you struck him?

"A. No, I [the victim] struck him first.

"Q. Now, that is not the first time you [the victim] have ever been in a fight, is it?

"A. No.

"Q. As a matter of fact, you have been in fights at the Van Wagner house before, haven't you?

"A. I was in one fight out there, but it wasn't really a fight.

"Q. And you have been in other fights around Tucson, haven't you?

"A. Yes.

"Q. You don't run away from a fight, in other words, do you?

"A. No.

"Q. Now, did Harry Kaiser challenge you to a fight?

"A. Well—as I say, he just stepped toward me and I started hitting. I didn't know whether he was coming at me.

"Q. He didn't challenge you to a fight, in other words, did he?

"A. No.

"Q. He didn't say, 'Let's fight,' or 'Put your dukes up,' or any of that stuff?

"A. No."

As a result, the "purpose" of Edythe Reichard's testimony was "obvious"; it would relate to defendant Kaiser's reputation for peaceable disposition, quiet demeanor and even temper. It is therefore evident that the court was advised about which character trait the information elicited from the witness would concern. We feel that the trial court could judge the type of testimony to be elicited.

Moreover, the disallowance of Edythe Reichard's entire testimony by the trial court constituted a broad ruling that no evidence was admissible in establishing the defendant's peaceful nature. Since this comes directly within the scope of the exception, we feel that there was an abuse of discretion when the trial court sustained the objection to calling the character witness.

Further, this Court has held that no offer of proof is required where evidence is excluded, the relevancy and materiality of which is apparent. Litzkuhn v. Clark, 85 Ariz. 355, 360, 339 P.2d 389, 392 (1959). The character of the defendant Kaiser relating to his temper and disposition is certainly relevant and material to his defense against the charge of assault with a deadly weapon.

We agree with the Court of Appeals in State v. Kaiser, *supra,* when it states that under Rule 43(h) an offer of proof was not strictly necessary where the court understood that it was going to be a character witness and that the defendant was not going to testify. Nevertheless, contrary to the Court of Appeals, we hold that no offer of proof was required here since the trial court could judge the type of testimony that would be elicited and that by sustaining the objection to calling the character witness, it abused its discretion.

Reversed and remanded to the Superior Court for further proceedings consistent with this opinion.

HAYS, C. J., CAMERON, V. C. J., and STRUCKMEYER and HOLOHAN, JJ., concur.