722 P.2d 280

**STATE of Arizona, Appellee,**

v.

**Edward Eugene BAY, Appellant.**

**No. 6658.**

Supreme Court of Arizona,
En Banc.

July 8, 1986.

Robert K. Corbin, Atty. Gen., William J. Schafer III, Chief Counsel, Crim. Div., Barbara M. Jarrett, Jack Roberts, Asst. Attys. Gen., Phoenix, for appellee.

Stephen J. Rouff, Yuma, for appellant.

GORDON, Vice Chief Justice.

Defendant, Edward Eugene Bay, was tried by a jury and convicted of five felony counts: first degree murder, A.R.S. §§ 13–1101, 1105, arson of an occupied structure, A.R.S. §§ 13–1701, 1704, two counts of aggravated assault, A.R.S. §§ 13–1203, 1204, and first degree burglary, A.R.S. §§ 13–1501, 1508(A). An allegation of dangerousness was filed as to all of the charged offenses. Defendant was sentenced to life imprisonment for the murder conviction and received the presumptive sentence for the other four counts to be served concurrently with each other and the murder count.

Defendant was married to Verna Bay. Defendant's adult stepson, Martin Powell, lived with the couple. Verna Bay's mother, Joyce Renner, lived near the Bay residence. The Bays had a stormy relationship fraught with problems arising from defendant's alcoholism and his chronic unemployment. On January 18, 1985, the couple had a fight which led to a separation and defendant moved in with his parents. Verna and Martin obtained a court order for protection which precluded defendant from all contact with them or the residence. Defendant was served with the order at 5:00 the next morning at his parents' home. Defendant was very upset by the court order and made statements to the serving deputy about getting even with his wife.

Defendant left his parents' home early in the morning and spent the rest of the day driving around and consuming alcohol. Defendant testified that he consumed approximately two cases of beer, some wine and three or four tequila drinks between approximately 6:00 a.m. and 9:20 p.m. Throughout the day defendant made harassing telephone calls to the Bay residence. During one of the calls defendant told Martin "a gallon of gas and a match go a long way." Defendant claims the statement was "a gallon of gas and a match will go a long ways, you have a car, too." However, we fail to see how defendant's version of the statement is any less inculpatory.

At approximately noon defendant stopped across the street from the house and yelled obscenities at Martin who was putting hardware and a padlock on the front door to prevent defendant from entering. Defendant returned to the house at approximately 8:30 p.m. and knocked on the door. Verna told him to leave and that Martin was calling the police. Defendant left before the police arrived. Shortly after the police left at approximately 9:20 p.m. defendant again returned to the house.

Defendant poured gasoline on Verna's car from a five-gallon can. Verna's mother, the deceased, opened the back door and before she could close it, defendant had entered and began sloshing gasoline around the house. Martin was on the telephone with the police when defendant attempted to douse Verna and him with gasoline. Martin and defendant got into a wrestling match and shortly thereafter the gasoline ignited and the room caught on fire. Martin testified that he never saw defendant with a lighter or match. Verna told a police officer that she saw defendant ignite the gasoline, but at trial recanted virtually all her previous statements made to police officers.

Once the house went up in flames the parties attempted to flee the structure. The living room door was padlocked from the outside so escape had to be made through the patio door. Defendant, Martin and Verna escaped but Joyce Renner died and her body was later found inside near the living room door. Martin and defendant both received severe burns and attempted to rescue Renner when they realized she had not exited.

At the scene Verna pointed to defendant and said, "That's him, he did it, he poured gasoline on us and set us on fire." Martin told authorities on the scene, "That son of a bitch [pointing to defendant] set me on fire." Verna then came up and stated, "He poured gasoline on me and my mother and set us on fire." She next lunged at defendant, hit him in the face and stated, "You bastard, you killed my mother." Two yel-

low Bic lighters were found by firemen in the living room and at trial Fire Marshal Ruben Araya eliminated as a source of ignition any open gas appliances, electrical or spontaneous combustion. In his opinion the source of ignition was an open flame induced by a person in the living room. At the hospital defendant's blood alcohol level was tested and at 1:00 a.m. was .16%.

Prior to trial the state moved, pursuant to Rule 11, Ariz.R.Crim.P., 17 A.R.S., to have defendant's mental competency determined. Defendant was found competent to stand trial. Although the medical experts agreed defendant had numerous mental problems none could give an opinion that he was M'Naghten insane.

At trial, defendant was prevented from pursuing the defense of insanity. The trial court also refused to give an instruction that reckless burning was a lesser included offense of arson of an occupied structure. Defendant appeals the above rulings by the trial court. We have jurisdiction pursuant to Ariz. Const. art. 6 § 5(3) and A.R.S. §§ 13–4031, 4033, 4035 and Rule 31, Ariz.R. Crim.P., 17 A.R.S.

## I

On the day before trial, June 17, 1985, the state filed a motion *in limine* to preclude defendant from putting on testimony at trial regarding defendant's history of mental illness or prior hospitalization for mental illness. This motion was predicated on defendant's intention to pursue the defense of insanity. The motion requested that defendant make an offer of proof in order to demonstrate what testimony he intended to rely upon as a basis for his insanity defense. The defendant did not respond to the motion in writing and argument was held in the trial court's chambers without the benefit of a court reporter, as is alleged to be the custom in the Yuma County Superior Court. On June 19, 1985, the trial court granted the state's motion and precluded the defendant from going into the area of insanity and refused defendant's requested jury instructions on insanity.

■ Defendant claims to have made an adequate offer of proof in chambers, while the state claims the offer was insufficient. Initially, we note our strong objection to motions argued in chambers without the benefit of a court reporter. *See State v. Fletcher*, 149 Ariz. 187, 717 P.2d 866 (1986). Had argument been preserved, it would have made our examination of this issue easier. This practice, if customary, should be immediately discontinued.

After argument in chambers, the trial court allowed defendant to enter an objection on the record regarding the previous ruling. The objection referred only to the fact that defendant himself would not be allowed to testify or present evidence of his mental illness. No mention was made on the record as to the preclusion of other lay witnesses on the issue of insanity.

■ An offer of proof is simply a detailed description of what the proposed evidence is. *Jones v. Pak-Mor Mfg. Co.*, 145 Ariz. 121, 129, 700 P.2d 819, 827 (1985); M. Udall and J. Livermore, *Arizona Law of Evidence*, § 13 at 20 (2d ed. 1982). Ordinarily, a ruling of a trial court excluding evidence cannot be reviewed on appeal in the absence of an offer of proof showing that the excluded evidence would be admissible and relevant. *State v. Kaiser*, 109 Ariz. 244, 246, 508 P.2d 74, 76 (1973). However, an exception to the general rule is made when the offer of evidence is refused on substantive rather than evidentiary grounds. *Id.* at 246–247, 508 P.2d at 76–77; *Jones v. Pak-Mor Mfg. Co., supra.*

Since there was no transcript of the argument on the motion and the trial court's minute entry does not specify the reason for granting the state's motion, we can only conclude the motion was granted for the reasons urged in the state's written motion. The main contention in the motion was that the defendant was incapable of proving the defense of insanity by clear and convincing evidence absent expert testimony. Because the question of whether insanity may be established solely by lay testimony is a question of substantive law,

appellate review is permitted even assuming the inadequacy of the offer of proof. We also believe that Rule 103(a)(2), Rules of Evidence, 17A A.R.S.[1] was adequately complied with by defendant considering the trial court's customary procedure in chambers.

The test of insanity in Arizona is whether the defendant knew the nature and quality of his action at the crucial time or whether he could distinguish right from wrong. *See* A.R.S. § 13–502. This is the *M'Naghten* test and it has repeatedly been sustained as the sole test of sanity in criminal cases in Arizona. *State v. Steelman*, 120 Ariz. 301, 312, 585 P.2d 1213, 1224 (1978); *State v. Heath*, 122 Ariz. 36, 39, 592 P.2d 1302, 1305 (App.1979). This test requires a defendant to prove by clear and convincing evidence that he is not responsible for his criminal conduct. A.R.S. § 13–502(B).

In this case defendant attempted to carry his burden of proof with the benefit of only lay testimony. There is a dispute between the parties as to who would be called to testify, aside from defendant himself, on the issue of defendant's mental state at the time of his acts. Although the record is unclear, it appears defendant was going to call his wife, Verna, and one or both of his parents to attempt to establish his defense. The issue then becomes whether the state is correct in its assertion that expert testimony is required in order to prove by clear and convincing evidence that a defendant is insane for purposes of A.R.S. § 13–502.

The general rule is that a lay witness, if competent, may testify to relevant evidence. *See* Rules 402, 601, 602, 701, Ariz. Rules of Evidence, 17A A.R.S. In Arizona lay testimony has long been admissible in criminal trials on the issue of sanity. *See State v. Sanchez*, 117 Ariz. 369, 373, 573 P.2d 60, 64 (1977); *State v.*

*Coey*, 82 Ariz. 133, 139, 309 P.2d 260, 264 (1957); M. Udall & J. Livermore, *supra* § 21 at 26; *Wharton's Criminal Evidence* § 609 at 175 (13th ed. 1973). Foundationally, a lay witness must have had an opportunity to observe the past conduct and history of a defendant, *State v. Coey*, 82 Ariz. at 139, 309 P.2d at 264; the fact that he is a lay witness goes not to the admissibility of the testimony but rather to its weight. *Id.* If lay testimony is admitted, logically, a jury is free to accept it as a basis for its verdict. *State v. Overton*, 114 Ariz. 553, 562 P.2d 726 (1977). This is so even if there is conflicting medical testimony on the issue. *Id.*

We have previously held that there is no inference, as a matter of law, that a defendant's insanity is established because the state failed to call experts to rebut a defendant's experts. *State v. Sanchez, supra.* The converse of this holding is logically true—there is no inference, as a matter of law, that a defendant's sanity is established because he failed to call experts to rebut the state's experts. This is so because a jury need not believe or accept as true the testimony of experts over lay counterparts. This reasoning is correct in spite of the fact that a criminal defendant has the burden of proving by clear and convincing evidence that he was insane at the time of the act. *See* A.R.S. § 13–502(B). While we have previously commented on the difficulty a defendant may have in sustaining his burden of proof absent expert testimony, *State v. McMurtrey*, 136 Ariz. 93, 100, 664 P.2d 637, 644 (1983), we do not believe it is an impossible task. We, therefore, hold that the trial court committed reversible error when it refused to allow defendant to attempt to prove the defense of insanity absent expert testimony on the issue. Because we must remand for a new trial, we will address only those questions likely to be raised again, keeping

---

1. **"Rule 103. Rulings on Evidence**
   **(a) Effect of erroneous ruling.** Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and
   . . . .

   (2) *Offer of proof.* In case the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked."

in mind that different evidence presented on retrial may mandate different results.

## II

■ Defendant's requested jury instruction on reckless burning pursuant to A.R.S. § 13–1702 was refused by the trial court. He claims this was error because reckless burning is a lesser included offense of arson of an occupied structure. A requested instruction on a lesser included offense is proper only if the lesser offense is composed of some but not all of the elements of the greater crime so that it is impossible to commit the greater offense without committing the lesser offense and if the evidence supports an instruction on the lesser offense. *State v. Celaya*, 135 Ariz. 248, 251, 660 P.2d 849, 852 (1983).

■ Arson of an occupied structure is defined by A.R.S. § 1704:

"A. A person commits arson of an occupied structure by intentionally and unlawfully damaging an occupied structure by knowingly causing a fire or explosion.
B. Arson of an occupied structure is a class 2 felony."

Reckless burning is defined by A.R.S. § 13–1702:

"A. A person commits reckless burning by recklessly causing a fire or explosion which results in damage to an occupied structure, a structure or property.
B. Reckless burning is a class 1 misdemeanor."

We believe reckless burning is a lesser included offense of arson because the only significant difference between the two crimes for purposes of this case is the required mental states.

A.R.S. § 13–202(C) states, in part:

"If acting recklessly suffices to establish an element [of an offense], that element also is established if a person acts intentionally or knowingly."

The state's argument that recklessly is not a lesser included mental state of knowingly is unsupported. The state's position that the two mental states are mutually exclusive is not correct under the clear meaning of the statute.

■ Having determined that reckless burning is a lesser included offense of arson, the next question is whether the evidence supported a reckless burning instruction. Defendant testified that he did not intend to damage the house or ignite the gasoline. He testified that when Joyce Renner opened the door while he was pouring gasoline on his wife's car, he entered the house intending only to bluff and frighten the occupants. Defendant was not pouring gasoline around the outside of the house and at the time of the acts it is estimated his blood alcohol level was between .28 and .30%. It was defendant's position at trial that he never threatened any damage before his third and final trip to the house other than damage to a car. It is possible the jury could have found defendant impulsively entered the house, and that he didn't intend to damage the house or knowingly cause the fire. This is supported by testimony by Verna that defendant was like a zombie and had a blank look on his face during the episode. Depending upon the evidence on retrial, the instruction for reckless burning should be given. The conviction and sentence of the trial court is reversed and the case is remanded for a new trial not inconsistent with this opinion.

HOLOHAN, C.J., concurs.

FELDMAN, Justice, concurring.

I disagree with that portion of the court's opinion dealing with the offer of proof as to defendant's proposed evidence on insanity. (*See* 150 Ariz. 114–115, 722 P.2d at 282–283.)

The state sought to exclude the lay testimony and documentary evidence (possibly including, we were told at oral argument, hospital records indicating defendant's hospitalizations at relevant times for manic depressive psychosis) on the grounds that without expert testimony on the *M'Naghten* standard, the evidence would not create a jury issue on the insanity defense. The court granted the state's motion, thus

excluding the testimony. It is not possible to tell whether this was error or, if it was, whether it was prejudicial because the record does not show what evidence defendant actually could have presented on the subject. As the majority indicates, pursuant to some custom in the local court, the offer of proof was discussed in chambers, with no court reporter present and no record made then or subsequently. Maj. 150 Ariz. at 114–115, 722 P.2d at 282–283. Nevertheless, the court holds that the offer of proof required by Rule 103(a)(2), Ariz. R.Evid., 17A A.R.S., was "adequately complied with by defendant, considering the trial court's customary procedure in chambers." *Id.*

An offer of proof is not sufficient to preserve a claim of error on appeal unless it is made on the record. M. UDALL & J. LIVERMORE, ARIZONA LAW OF EVIDENCE § 13 at 2021 (2d ed. 1982); McCORMICK, EVIDENCE § 51 at 124–25 (3rd ed. 1984); *Montano v. Scottsdale Baptist Hospital,* 119 Ariz. 448, 581 P.2d 682 (1978). No local "customary procedure" can repeal the Rules of Evidence nor the legal requirements created by the decisions of this court. Defendant was allowed to make his objection to the court's ruling on the record, and should have used that opportunity to make an offer of proof by avowal as to the details of the proposed testimony. M. UDALL & J. LIVERMORE, *supra,* § 13 at 20. Of course, an offer may be excused where the court refuses to allow the defendant an opportunity to make an offer of proof, rules that no evidence of any kind is admissible on the issue or the nature of the evidence is so obvious that no offer is necessary. *Id.* at 22. However, the record here does not show such an extreme situation; the absence of a written record converts all discussion to rank speculation.

I am not unaware of the pressures which may exist from time to time in particular areas to "get along by going along." However, the difficult job of a trial lawyer occasionally makes it necessary to plant one's feet and protect a client's interests by making a record even if such obduracy defies custom.

Assuming that we could properly reach the substantive issue, I agree with the court's holding that defendant may meet his burden of proof on the insanity issue without expert testimony. I also agree with the remainder of the court's opinion and therefore concur in the judgment and disposition of the case.

HAYS, Justice, specially concurring:

I concur in the result reached by the majority. I cannot however agree with the majority's holding that on retrial the trial court should give a reckless-burning instruction. If the defendant on retrial presents the same evidence, the trial court need not so instruct. To hold otherwise is to say that a "cock-and-bull" story by a defendant, testing all credulity, mandates the dignity of an instruction. My view of the validity of this evidence differs from that of the majority. On this issue I do not concur.

CAMERON, J., joins in the special concurrence of HAYS, J.