ECKERSTROM, Chief Judge:
¶ 1 Porfirio Medina appeals from his conviction and sentence for possession of a deadly weapon by a prohibited possessor, claiming the trial court erred in precluding his *1136 asserted necessity defense. For the following reasons, we affirm.
Factual and Procedural Background
¶ 2 In April 2016, a detective with the South Tucson Police Department saw Medina standing by a bus bench and recognized him as a parole absconder. He approached Medina and detained him. During that process, Medina told the detective that he had a handgun in his waistband. At that time, Medina had been convicted of a felony and "his right to possess or carry a gun or firearm had not been restored." Medina was convicted as described above and sentenced to an enhanced, presumptive prison term of ten years. This appeal followed. We have jurisdiction pursuant to A.R.S. §§ 13-4031 and 13-4033(A)(1).
Discussion
¶ 3 Medina claims the trial court erred in precluding his necessity defense as a sanction for a disclosure violation. The court disallowed the defense under Rule 15, Ariz. R. Crim. P., finding it had not been timely disclosed. "Absent a showing of abuse by the trial court, we will not disturb the trial court's choice of sanction or its decision not to impose a sanction." State v. Towery , 186 Ariz. 168, 186, 920 P.2d 290, 308 (1996).
¶ 4 Under Rule 15.2(b) and (d),[1] a defendant must notify the state of all defenses he intends to present at trial either forty days after arraignment or ten days after the state's Rule 15.1(b) disclosure, whichever is earlier. Medina concedes the disclosure was untimely under this rule, but asserts preclusion was not warranted as a sanction, particularly given that his disclosure was of a newly discovered defense and was provided "at least 7 days before trial," in accordance with Rule 15.6(c). Likewise, he claims the trial court abused its discretion in ordering preclusion as a sanction without appropriate consideration of the factors discussed in State v. Smith , 123 Ariz. 243, 252, 599 P.2d 199 (1979).[2]
¶ 5 As this court has emphasized, "[t]he right to offer the testimony of witnesses, compel their attendance, and present a defense is guaranteed by the Sixth Amendment to the United States Constitution and is a fundamental element of due process of law." State v. Delgado , 174 Ariz. 252, 257, 848 P.2d 337, 342 (App. 1993). And, although the compulsory process clause is not a complete bar to the preclusion of defense witnesses, see Taylor v. Illinois , 484 U.S. 400, 402, 414, 108 S.Ct. 646, 98 L.Ed.2d 798 (1988), Arizona courts have repeatedly disfavored that sanction out of deference not only to a defendant's Sixth Amendment interests, but to pursue the core purposes of our rules of criminal procedure. See Smith , 123 Ariz. at 252, 599 P.2d at 208 ; Delgado , 174 Ariz. at 257, 848 P.2d at 342 ; cf. State v. Machado , 224 Ariz. 343, ¶¶ 12-13, 230 P.3d 1158, 1166-67 (App. 2010), aff'd , 226 Ariz. 281, ¶ 26, 246 P.3d 632, 637 (2011), and abrogated in part on other grounds as recognized by State v. Nottingham , 231 Ariz. 21, n.4, 289 P.3d 949, 954 n.4 (App. 2012). Our supreme court has pointedly observed that "[t]he trial court ... should seek to apply sanctions that affect the evidence at trial and the merits of the case as little as possible, since the Rules of Criminal Procedure are designed to implement, and not to impede, the fair and speedy determination of cases." Smith , 123 Ariz. at 252, 599 P.2d at 208.[3]
*1137 ¶ 6 For these reasons, our supreme court has cautioned that witnesses for either the state or the defense should be precluded only "as a last resort." State v. Tucker , 157 Ariz. 433, 440, 759 P.2d 579, 586 (1988). To that end, the court has endorsed preclusion as a remedy "only in those cases where other less stringent sanctions are not applicable to effect the ends of justice." Smith , 123 Ariz. at 252, 599 P.2d at 208. And, it has required trial courts determining the propriety of that sanction to first consider (1) the importance of the precluded evidence to the case, (2) "whether the discovery violation was motivated by bad faith or wilfulness," (3) "whether the opposing party will be surprised and prejudiced" by the evidence, and (4) "any other relevant circumstances." Tucker , 157 Ariz. at 440, 759 P.2d at 586, citing Smith , 123 Ariz. at 252, 599 P.2d at 208. Our supreme court has bluntly concluded that failure to conduct that inquiry "constitutes error." Smith , 123 Ariz. at 252, 599 P.2d at 208.
¶ 7 Here, nothing in the record demonstrates that the trial court considered the factors listed in Smith . Nor does the record reflect that the court considered any lesser sanction, such as a continuance. See Ariz. R. Crim. P. 15.7(c).
¶ 8 However, the state also argued in the same motion that the defense should be precluded because the evidence did not support a defense of necessity. See State v. Boteo-Flores , 230 Ariz. 551, ¶ 7, 288 P.3d 111, 113 (App. 2012) (trial court may be affirmed for any legally correct reason); see also State v. Rodriguez , 192 Ariz. 58, ¶ 16, 961 P.2d 1006, 1009-10 (1998) (party only entitled to jury instruction reasonably supported by evidence). To establish a necessity defense under A.R.S. § 13-417, a defendant must show that he "was compelled to engage in the proscribed conduct and ... had no reasonable alternative to avoid imminent public or private injury greater than the injury that might reasonably result from the person's own conduct." A.R.S. § 13-417(A). "Imminent" means "about to occur" or "impending." State v. Dominguez , 236 Ariz. 226, ¶ 4, 338 P.3d 966, 969 (App. 2014), quoting The American Heritage Dictionary 879 (5th ed. 2011). "The temporal component of imminence is essential to ... justification." Id. ¶ 6. The use of the word "imminent" requires that the threat of injury be one that is immediate. See id. ¶¶ 4-6.
¶ 9 Here, Medina's fiancée, V.D., would have testified that about a month prior to Medina's arrest, "a man sitting on her car in a parking lot ... said: Tell Taz Guerro says what's up." The record before us suggests that Medina would have testified he was fleeing from the Mexican mafia and that he believed the statement to his fiancée was a threat to his life. And, the state conceded at oral argument that police reports indicated Medina informed the arresting officer, albeit vaguely, that he felt threatened. But none of this evidence suggests that any such threats posed a risk of immediate injury. To the contrary, Medina was arrested carrying the firearm "less than a month" after his girlfriend's encounter with "Guerro's" messenger. Although Medina maintained during oral argument that the imminence of any potential injury should be a jury question, his argument necessarily implies that a defendant need only offer evidence suggesting a threat of eventual harm rather than immediate injury to secure an instruction. Because all threats imply a risk of eventual harm, such a conclusion would functionally erase the imminence element from our statute's definition of the necessity defense.
¶ 10 In the alternative, Medina contends that a defendant does not have to show evidence of "every element" of a justification defense to be entitled to an instruction. Even assuming arguendo this dubious proposition is correct, imminence is at the heart of the defense of necessity-without it, a necessity does not exist. See A.R.S. § 13-417(A). Because Medina offered evidence sufficient only to support an inference that he might at some point be harmed and failed to present even the slightest evidence that the threat was immediate, the trial court did not err in precluding him from presenting the defense.
¶ 11 Lastly, Medina contends that because the trial court precluded his proposed defense on the ground that he did not timely disclose it, he had no opportunity to comprehensively present the evidence that would *1138 have shown an imminent threat. As Medina has correctly noted, he was not required to make a formal offer of proof because the court had "ruled broadly that no evidence [was] admissible in support of the theory or fact which [he sought] to establish." State v. Kaiser , 109 Ariz. 244, 246, 508 P.2d 74, 76 (1973), quoting Peterson v. Sundt , 67 Ariz. 312, 318, 195 P.2d 158 (1948). But Medina overlooks that, in advance of trial, the state expressly challenged the factual sufficiency of Medina's necessity defense and sought preclusion for that reason. It did so in the same motion for preclusion based on late disclosure. This triggered a clear procedural opportunity for Medina to articulate those facts that would support the defense in advance of the court's ruling. Yet, in his response to the state's motion, Medina failed to do so. Instead, he stated only that his testimony at trial could "provide additional details about the origin, specificity, and imminence of the threats on his life."
¶ 12 While we acknowledge that a defendant's testimony is sufficient to raise the issue of self-defense, State v. Plew , 150 Ariz. 75, 77, 722 P.2d 243, 245 (1986), disapproved of on other grounds by State v. King , 225 Ariz. 87, ¶¶ 9-12, 235 P.3d 240, 242-43 (2010), and that the "slightest evidence" is all that is needed to support a justification defense, see State v. Carson , 243 Ariz. 463, ¶ 18, 410 P.3d 1230, 1234 (2018), a defendant must still demonstrate he can produce some evidence in support of his justification defense. See A.R.S. § 13-205(A) (raising justification defense requires defendant to present evidence of justification). A defendant's mere statement that he will testify and provide the court with evidence to support his defense is not sufficient. Cf . State v. Pedroza-Perez , 240 Ariz. 114, ¶¶ 3, 8-11, 377 P.3d 311, 312-13 (2016) (court erred in not allowing defendant to discuss duress defense in opening statement when defendant described prospective testimony supporting duress); Ariz. R. Evid. 104(b) ("When the relevance of evidence depends on whether a fact exists, proof must be sufficient to support a finding that the fact does exist.").
¶ 13 To be sure, a trial court has the discretion to admit evidence of a proposed defense, and later deny a jury instruction, if it concludes the admitted evidence is insufficient to sustain the defense. But we disagree with Medina that a court should be required to do so. A court properly precludes a defense if the defendant fails to show that there is any evidence to be introduced at trial in support of it. Cf. Pedroza-Perez , 240 Ariz. 114, ¶ 10, 377 P.3d 311, 313 (trial court may limit opening statements "which will not or cannot be supported by proof"), quoting United States v. Dinitz , 424 U.S. 600, 612, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976). And, both parties are entitled, in advance of trial, to move to suppress those items of evidence that they believe would run afoul of our rules. See generally Ariz. R. Crim. P. 16.1. When a court allows the presentation of facts supporting a theory of guilt or innocence that has no basis in the law, it risks confusing the jury and prejudicing the opposing party. See Ariz. R. Evid. 403. It is therefore wholly appropriate for the trial court to exercise its discretion to preclude improper defenses or theories of guilt in advance of trial.
Disposition
¶ 14 For the foregoing reasons, we affirm Medina's conviction and sentence.

We apply the current version of the rule, as doing so will neither "be infeasible [n]or work an injustice." Ariz. Sup. Ct. Order R-17-0002 (Aug. 31, 2017).

Medina also asserts the trial court committed structural error in considering the state's motion to preclude his necessity defense because the state did not "certify good faith efforts to resolve the disclosure dispute." See Ariz. R. Crim. P. 15.7(a). He argues this failure left the court without subject matter jurisdiction and was therefore structural error. Even assuming, without deciding, that the lack of such certification left the court without authority to consider precluding the defense as a disclosure sanction, that did not affect the court's subject matter jurisdiction over the case as a whole, and it did not affect the court's authority to preclude the defense on the wholly separate ground that it was not supported by the evidence.

Although Smith concerned preclusion of a witness, rather than a theory of defense, its rationale applies with at least equal force in this context.